FILED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

2004 JAN 16 P 2: 39

US DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| **RITA ABSHER** | : | |
| | : | **CIVIL ACTION NO.** |
| **PLAINTIFF,** | : | **3:02 CV171(AHN)** |
| | : | |
| v. | : | |
| | : | |
| **FLEXI INTERNATIONAL** | : | **DECEMBER 30, 2003** |
| **SOFTWARE, INC. AND JAY BELSKY** | : | |
| | : | |
| **DEFENDANTS** | : | |

**PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Plaintiff, Rita Absher, requests pursuant to Fed. R. Civ. P. 37 and local rules,

that the court issue an order compelling responses to plaintiff's first set of interrogatories

and requests for production dated October 3, 2002.  Further, plaintiff seeks, pursuant to

Rule 37(a)(2)(B) and Local Rule 9(d)(2), attorney's fees and expenses incurred in pursuit

of this motion.  Plaintiff files a memorandum of law and certification in support of this

motion to compel.

Plaintiff,
Rita Absher

Michael J. Melly
Fed. Bar No. ct17841
143 Oneco Avenue #4
New London, CT 06320
Tel:  (860) 447-1990

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on    12/31/03
To:
Timothy Ronan
Pullman & Comley
300 Atlantic Street
Stamford, CT 06901-3522

Michael J. Melly

48

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

RITA ABSHER                              )
                                         )
Plaintiff,                               )       CIVIL ACTION NO. 3:02 CV 171 (AHN)
             v.                          )
                                         )
FLEXI INTERNATIONAL SOFTWARE,            )
INC., FRANK GRYWALSKI, KEVIN             )
NOLAN, STEFAN BOOTHE                     )
INDIVIDUALLY AND IN THEIR                )
CAPACITIES AS OFFICERS AND JAY           )
BELSKY,                                  )
                                         )
Defendants.                              )       December 23, 2002

### DEFENDANTS' OBJECTIONS AND RESPONSES TO
### PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendants FlexiInternational Software, Inc., Kevin Nolan, Stefan Bothe and Jay

Belsky (collectively "Defendants"), hereby submit the following responses and objections to

Plaintiff's First Set of Interrogatories, dated October 3, 2002, in the above-captioned matter.

### GENERAL OBJECTIONS

1.  Defendant objects to each Request to the extent it seeks information in the

possession or control of individuals or entities other than Defendant on the grounds that doing so

is unduly burdensome and oppressive and that such information is equally available to Plaintiff.

2.  Defendant objects to each Request to the extent it seeks information already within Plaintiff's possession, control or knowledge on the grounds that it is unduly burdensome and oppressive and that such information is equally available to Plaintiff.

3.  Defendant objects to each Request to the extent it may require the disclosure of attorney-client or attorney work product information.

4.  Defendant objects to each Request to the extent it may call for disclosure of confidential or proprietary information or trade secrets, or information which would violate the privacy rights of Defendant, its personnel, and/or other persons or entities not parties to this litigation.

5.  Defendant objects to each Request to the extent it is so vague as to fail to identify with sufficient particularity the documents sought or overly broad in time and scope and unduly burdensome.

6.  Defendant objects to each Request to the extent it seeks information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.  Defendant objects to each Request to the extent it seeks information gathered in anticipation of litigation or that is within the protection of Rule 26(b)(3) of the Federal Rules of Civil Procedure.

8.  All responses below are subject to and without waiver of these general objections.

## INTERROGATORY 1

State the name, address, position and department within the defendant company of each and every person by name and title who assisted in preparing the answers to these Interrogatories.

**RESPONSE:** Subject to and without waiver of the above objections, Defendants respond to this Interrogatory as follows:

Stefan Bothe
Chief Executive Officer
Flexi International Software
Two Enterprise Drive
Shelton, Connecticut 06484

Kevin Nolan
Vice President of U.S. Client Services
Flexi International Software
Two Enterprise Drive
Shelton, Connecticut 06484

## INTERROGATORY 2

State the name, address, position and department within the defendant company of each and every person whom you believe has knowledge of any facts relating to the plaintiff's

-3-

allegations and/or the defendant's answer and defenses to the plaintiff's allegations in the complaint and give a detailed description of the knowledge possessed by each individual.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, see Defendants' Initial Disclosures pursuant to Rule 26(a). See also documents produced in response to Request 1.

## INTERROGATORY 3

State the name, address, position and department within the defendant company of each and every person whom you intend to call as a witness at the trail[sic] of this matter, and state with particularity the nature and description of the testimony to be given by each witness and the facts underling[sic] and/or supporting such testimony.

**OBJECTION:** See general objection nos. 3 and 5. Defendants specifically object to this Interrogatory on the basis that it is premature, it seeks attorney work product; it is overly broad in scope.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, Defendants will provide such information if and when required to do so by the Court.

## INTERROGATORY 4

State the names and addresses of any and all experts contracted and/or retained by you for purpose of this litigation and for each such expert, please state his/her area of expertise, the subject matter, substance of all facts, and substance of all opinions, and a summary of the grounds on which each opinion is bases; and state whether each expert witness is expected to testify at trail[sic] of this action.

**OBJECTION:** See general objection nos. 3 and 5.  Defendants specifically object to this Interrogatory on the basis that it is premature, it seeks attorney work product; and is overly broad in scope to the extent it seeks documents concerning information not relevant to the subject matter of this litigation and otherwise fails to identify the document sought with sufficient particularity.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, Defendants will provide such information if and when required to do so by the Court.

## INTERROGATORY 5

State the name, age, date of birth, department within the company and current job title of all person(s) assuming part or all of the tasks, duties and responsibilities that the plaintiff performed at the time of her termination/separation from the defendant company; and, state the

dates that each such person assumed such tasks, duties and responsibilities; and, state the foregoing for the period from plaintiff's termination/separation to the present time.

      **OBJECTION:** See general objection nos. 4, 5 and 6. Defendants specifically object to this Interrogatory on the basis that it is overly broad in time and scope, such as age and date of birth, that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Interrogatory seeks confidential propriety or personnel information concerning persons not party to this litigation. Additionally, Defendants specifically object to this Interrogatory on the basis that it seeks information gathered in anticipation of litigation.

      **RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, Defendants respond as follows:   Value Analyst Cheryl Brennan and Product Consultant Cliff Gideon were assigned what little remained of what had been Plaintiff's duties, as of date of termination of Plaintiff's employment.


## INTERROGATORY 6

      State the value and cost (to plaintiff and defendant) as of the date of termination/separation from the defendant of the plaintiff's retirement, pension, 401k, medical insurance, dental insurance, life insurance, disability insurance or other benefit received by the plaintiff.

**OBJECTION:** See general objection nos. 1, 2, and 7. Defendants specifically object to this Interrogatory on the basis that it seeks information about Plaintiff's own finances that is equally available to Plaintiff from third-party sources and that Plaintiff already possesses. Additionally, Defendants object to the extent that this Interrogatory seeks information gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, pursuant to Federal Rule of Civil Procedure 33(d), Defendants submit that the answer to this Interrogatory may be derived or ascertained from documents produced in response to Requests 1 and 17.

## INTERROGATORY 7

As to any investigation or inquiry conducted by the defendant, its agent, servant, employee, contractor, including investigation/inquiry by attorney(s) regarding Plaintiff's claims and Defendants defenses and claims in this matter, state;

**OBJECTION:** See general objection nos. 2, 3, 4, 5, 6 and 7. Defendants specifically object to this Interrogatory on the basis that it is overly broad in time and scope inasmuch as it seeks information wholly unrelated to Plaintiff's claims; it seeks information over

an indefinite period following her termination; and information that mentions Plaintiff, but concerns confidential propriety or personnel information concerning persons not party to this litigation. Additionally, Defendants specifically object to this Interrogatory on the basis that it seeks information constituting attorney work product, that are protected by attorney-client privilege, and documents gathered in anticipation of litigation.

    a.  The date, nature and purpose of any such investigation;

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents produced in response to Request 1.

    b.  Whether any record, report or writing was made of it, and if so the date of such;

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents produced in response to Request 1.

    c.  The name, address and telephone number of the person(s) and agency, company or organization conducting the investigation;

**RESPONSE:** Subject to and without waiver of the above objections, see Defendants' Initial Disclosures pursuant to Rule 26(a). See also documents produced in response to Request 1.

    d.  A description of the subject matter, results and findings of any such investigation.

**RESPONSE:** Subject to and without waiver of the above objections, see documents produced in response to Request 1.

e.   The names, address and telephone number of any person, agency, company or organization spoken to relative to the aforementioned investigation/inquiry.

**RESPONSE:** Subject to and without waiver of the above objections:

Rita Absher
Frank Grywalski
Jay Belsky
Kevin Nolan

## INTERROGATORY 8

State the name, age, date of birth, department within the company and current job title of all persons performing similar tasks, duties and responsibilities that the plaintiff performed at the time of her termination/separation from the defendant company.

**OBJECTION:** See general objection nos. 4, 5 and 6. Defendants specifically object to this Interrogatory on the basis that it is overly broad in time and scope, such as age and date of birth, that is irrelevant to the subject matter of this action and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, this Interrogatory seeks confidential propriety or personnel information concerning persons not party to this litigation.  Additionally,

Defendants specifically object to this Interrogatory on the basis that it seeks information gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, Defendants respond as follows: Value Analyst Cheryl Brennan and Product Consultant Cliff Gideon were assigned what little remained of what had been Plaintiff's duties, as of date of termination of Plaintiff's employment.

## INTERROGATORY 9

State the title(s) and date(s) of all employee handbook(s), manual(s), and publication(s), and modifications or amendments thereto, published by the defendant from 1994 through the present.

**OBJECTION:** See general objection nos. 2, 4, 5 and 6. Defendants specifically object to this Interrogatory on the basis that according to Plaintiff's Initial Disclosures pursuant to Rule 26(a), she already possesses the information sought; additionally, this Request is overly broad in scope inasmuch as it seeks information concerning documents wholly unrelated to Plaintiff's claims and this Interrogatory is not reasonably calculated to lead to the discovery of admissible evidence; and to the extent that it seeks information concerning Defendants' policies, procedures and other documents containing confidential propriety or personnel information concerning persons not party to this litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents produced in response to Request 8.

## INTERROGATORY 10

State the title(s) and date(s) of all handbook(s), manual(s) and publication(s) and modifications and amendments thereto for use and reference by (a) the supervisory or management personnel and (b) non management employees of the defendant from 1994 through the present.

**OBJECTION:** See general objection nos. 2, 4, 5 and 6. Defendants specifically object to this Interrogatory on the basis that according to Plaintiff's Initial Disclosures pursuant to Rule 26(a), she already possesses the information sought; additionally, this Request is overly broad in scope inasmuch as it seeks information concerning documents wholly unrelated to Plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence; and to the extent that it seeks documents containing confidential propriety or personnel information concerning persons not party to this litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents produced in response to Requests 8 and 15.

-11-

### INTERROGATORY 11

State each names[sic] of the person(s), date filed and title of those individuals filing making or presenting complaints (a) internally wit the defendant company (b) administrative complaints against the company and/or (c) litigation forums against the defendant company related to or concerning (sex harassment, gender harassment and/or wage claims) and for each state the nature, substance, reason and dollar value of settlement, award, if applicable, for the period 1995 through the present.

**OBJECTION:** See general objection nos. 1, 2, 3, 4, 5, 6 and 7.  Defendants specifically object to this Request on the basis that this Request is overly broad to the extent that the claims of other employees are not relevant to Plaintiff's claims and is not reasonably calculated to lead to the discovery of admissible evidence.  Further, this Request seeks documents that are not in Defendants' control or possession; documents that are attorney work product and protected by attorney-client privilege; documents concerning confidential propriety or personnel information concerning persons not party to this litigation; and documents gathered in anticipation of litigation.

### INTERROGATORY 12

State the following for all the allegations contained in the complaint of defendant's claims and defenses to the plaintiff's allegations in the complaint.

**OBJECTION:** See general objection nos. 3, 4, 5, 6 and 7. Defendants specifically object to this Interrogatory on the basis that it is overly broad in its scope, seeking information that "in any way relate" to any claim, allegation or defense; in the same vein, it seeks information that is not relevant to the subject matter of this litigation and nor is it reasonably calculated to lead to the discovery of admissible evidence; it seeks information that is not in Defendants' control; documents already in Plaintiff's possession; documents that are attorney work product and/or protected by attorney-client privilege; and documents concerning this action or its subject matter gathered in anticipation of litigation. This Interrogatory also seeks information concerning any inquiry regarding Plaintiff prior to and for an indefinite period following her termination, thus it is overly broad in time and scope. Further, this Interrogatory seeks documents that concern confidential propriety or personnel information concerning persons not party to this litigation.

     a. State the name, title and nature of every document which in any way relates to or concerns the above mentioned allegations/claims/defenses.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, the requested information is already in Plaintiff's possession pursuant to Federal Rule of Civil Procedure 26(a). See also documents produced in response to Plaintiff's First Request for Production.

b.   State the name, address, department within the defendant company and job title of very person who has knowledge of any facts which relate to or concern the allegations in the complaint and the defendant's claims/defenses;

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, the requested information is already in Plaintiff's possession pursuant to Federal Rule of Civil Procedure 26(a).

c.   With respect to any person identified in response to subparagraphs (a) or (b) of this Interrogatory, set forth in detail, <u>and separately for each person,</u> the precise facts which said person has knowledge and the source of said knowledge; and

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, the requested information is already in Plaintiff's possession pursuant to Federal Rule of Civil Procedure 26(a)

d.   Identify all oral conversations or communications (including the name and address of all participant(s) therein and the dates thereof) which relate in any way to the allegations in the complaint and the defendant's claims/defenses.

**OBJECTION:** In addition to the foregoing general and specific objections, Defendants specifically object to this Interrogatory on the basis that the term "relate in any way" is vague, this Interrogatory is overly broad in time and scope and is unduly burdensome, inasmuch as it seeks information on all communications for an indefinite period before and after

-14-

Plaintiff's employment, and to the extent that it seeks information that is attorney work product and/or protected by attorney-client privilege.

## INTERROGATORY 13

State whether you have obtained a statement from any person concerning the incidents alleged in the plaintiff's complaint or defendant's answer, claims and defenses. If so, please state:

   a.  Name and address of the person who gave the statement, and date said statement was obtained;

   b.  If written, whether signed by the person making said statement;

   c.  If oral, the name and address of person who obtained the statement and the date said statement was obtained;

   d.  The nature and substance of each such statements.

**OBJECTION:** See general objection no. 3, above. Defendants specifically object to this Interrogatory on the basis that it seeks information that is attorney work product and/or protected by attorney-client privilege.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see attached log.

## **INTERROGATORY 14**

State whether the Defendant maintains insurance for liability concerning discrimination of employees, breach of contract, wrongful discharge/termination or other matter related to the plaintiffs claims and allegations in this matter.

If so, please state:

a.      The name and address of the insurance carrier;

b.      The scope, type and purpose of coverage: and

c.      The policy limits.

**RESPONSE:** Subject to and without waiver of the above objections, Defendants have been unable to determine the response to this Interrogatory, but will continue with due diligence to ascertain whether such a response.  Defendants will supplement these responses, as appropriate.

## **INTERROGATORY 15**

If your contend that any party to this action has, at any time, made any admissions, state:

a.   The date of and location where the admission was made;

b.   The name and address of the person making it;

c.   The name and address of the person(s) to whom it was made;

d.  State the nature and description of the substance of the admission;

e.  State whether it was reduced to writing, notes, memo or other written detail;

f.  The name and address of the person(s) present when it was made.

**OBJECTION:** See general objection nos. 3 and 5. Defendants specifically object to this Interrogatory on the basis that it seeks information protected by attorney-client privilege and fails to describe with sufficient particularity the documents sought, inasmuch as it purports to discover any "admission" at any time.

## INTERROGATORY 16

State whether you contend that any record, document or tangible item concerning the plaintiff's allegations and defendant's claims/defenses has been lost, misplaced, modified, altered or destroyed, and if so, state:

a.  the nature date and substance of the record, document or tangible item;

b.  the nature and date of the change, alteration or modification;

c.  the date of losing, misplacement or destruction;

d.  the name, department and job title of the person(s) in possession of an/or responsible for said record, document or tangible item.

**RESPONSE:** Subject to and without waiver of the above objections, no documents responsive to these Interrogatories and Plaintiff's Request for Production have been lost, misplaced, modified, altered or destroyed.

THE DEFENDANTS,
FLEXI INTERNATIONAL SOFTWARE, INC.,
KEVIN NOLAN, STEFAN BOTHE
AND JAY BELSKY
BY CUMMINGS & LOCKWOOD
THEIR ATTORNEYS

By
Marc L. Zaken
Alison Jacobs Wice (CT 21771)
Four Stamford Plaza
P.O. Box 120
Stamford, CT  06904-0120
(203) 327-1700

-18-

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANTS' OBJECTIONS

AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES was sent via

Federal Express delivery, postage prepaid to:

Eugene N. Axelrod
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT  06525

This __23d__ day of December, 2002.

Marc L. Zaken
Alison Jacobs Wice

.StmLib1:977822.1 12/23/02

–19–