48

# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| Rita Absher, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. 3:02 CV 171 (AHN) |
| v. | ) |
| | ) |
| FLEXI INTERNATIONAL SOFTWARE, | ) |
| INC., FRANK GRYWALSKI, KEVIN | ) |
| NOLAN, STEFAN BOOTHE | ) |
| INDIVIDUALLY AND IN THEIR | ) |
| CAPACITIES AS OFFICERS AND JAY | ) |
| BELSKY, | ) |
| | ) |
| Defendants. | ) December 23, 2002 |

## DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Defendants FlexiInternational Software, Inc., Kevin Nolan, Stefan Bothe and Jay Belsky (collectively "Defendants"), hereby submit the following responses and objections to Plaintiff's First Request for Production, dated October 3, 2002, in the above-captioned matter.

## GENERAL OBJECTIONS

1.  Defendants object to each Request to the extent it seeks information in the possession or control of individuals or entities other than Defendants on the grounds that doing so is unduly burdensome and oppressive and that such information is equally available to Plaintiff.

2.  Defendants object to each Request to the extent it seeks information already within Plaintiff's possession, control or knowledge on the grounds that it is unduly burdensome and oppressive and that such information is equally available to Plaintiff.

3.  Defendants object to each Request to the extent it may require the disclosure of attorney-client or attorney work product information.

4. Defendants object to each Request to the extent it may call for disclosure of confidential or proprietary information or trade secrets, or information which would violate the privacy rights of Defendants, its personnel, and/or other persons or entities not parties to this litigation.

5. Defendants object to each Request to the extent it is so vague as to fail to identify with sufficient particularity the documents sought or overly broad in time and scope and unduly burdensome.

6. Defendants object to each Request to the extent it seeks information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7. Defendants object to each Request to the extent it seeks information gathered in anticipation of litigation or that is within the protection of Rule 26(b)(3) of the Federal Rules of Civil Procedure.

All responses below are subject to and without waiver of these general objections.

## REQUESTS FOR PRODUCTION

1. Copies of the plaintiff's personnel file; discipline file, medical file or any other file relating or concerning the plaintiff with the exception of tax information.

**OBJECTION:** See general objection nos. 2, 4, 5, 6 and 7. Defendants specifically object to this Request on the basis that according to Plaintiff's Initial Disclosures pursuant to Rule 26(a), she already possesses the information sought; additionally, this Request is overly broad in time and scope inasmuch as it seeks information wholly unrelated to Plaintiff's claims and to the extent that it seeks documents that mention Plaintiff, but concern confidential

propriety or personnel information concerning persons not party to this litigation. Additionally, Defendants specifically object to this Request on the basis that it seeks documents relating to or concerning Plaintiff gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the above objections, see documents enclosed herewith, marked Bates Nos. F000001 - F000143.

2.    Any and all documents reflecting that the plaintiff was terminated or resigned and the reasons for her termination, resignation or separation from defendant company.

**RESPONSE:** Subject to and without waiver of the foregoing general objections and the specific objections enumerated in response to Request 1, above, see documents produced in response to Request 1.

3.    Any and all documents reflecting the plaintiff's job title and description, pay rate, and salary prior to her termination or resignation from employment at the defendant company.

**OBJECTION:** See general objection nos. 2, 4, 5, 6 and 7. Defendants specifically object to this Request on the basis that it seeks any documents that mention Plaintiff's job title and description, pay rate, and salary it is overly broad in scope. Further, Defendants specifically object to this Request on the basis that according to Plaintiff's Initial Disclosures pursuant to Rule 26(a), she already possesses the information sought; additionally, this Request is overly broad in time and scope inasmuch as it seeks information wholly unrelated to Plaintiff's claims and to the extent that it seeks documents that reflect Plaintiff's job title and

-3-

description, pay rate, and salary, but otherwise concern confidential propriety or personnel

information concerning persons not party to this litigation.  Additionally, Defendants specifically

object to this Request on the basis that it seeks documents reflecting Plaintiff's job title and

description, pay rate, and salary gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general objections

and the specific objections enumerated in response to Request 1, above, see documents produced

in response to Request 1.

4.     Any and all memos, notes, letters, correspondence, e-mail or other document

regarding advertisement(s) and posting(s) both internal and external to the company relative to

the plaintiff's position for the year preceding her termination or resignation from employment at

the defendant company.

**RESPONSE:** Subject to and without waiver of the foregoing general objections,

there are no documents responsive to this Request.

5.     Any and all memos, notes, letters, correspondence, e-mail or other document

regarding the assignment and placement, transfer or hire of any employee of the defendant or

other person for the, tasks, duties and responsibilities, or a portion thereof, of the Plaintiff's

position for the year preceding and thereafter to the present following her termination or

separation from the company.

**RESPONSE:** Subject to and without waiver of the foregoing general objections,

-4-

there are no documents responsive to this Request.

6.     Any and all memos, letters, correspondence, e-mail or other document relative to the job description of all jobs, positions and titles held by the plaintiff while employed at the defendant company and the corresponding salaries and salary increases for each such job, position and title.

**OBJECTION:** See general objection nos. 2, 4, 5, 6 and 7.  Defendants specifically object to this Request on the basis that it seeks any documents that mention Plaintiff's job description of all jobs, positions and titles it is overly broad in scope. Further, Defendants specifically object to this Request on the basis that according to Plaintiff's Initial Disclosures pursuant to Rule 26(a), she already possesses the information sought; additionally, this Request also seeks information wholly unrelated to Plaintiff's claims and to the extent that it seeks documents that reflect Plaintiff's job description of all jobs, positions and titles, but otherwise concern confidential propriety or personnel information concerning persons not party to this litigation.  Additionally, Defendants specifically object to this Request on the basis that it seeks documents reflecting Plaintiff's job description of all jobs, positions and titles gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general objections and the specific objections enumerated in response to Request 1, above, see documents produced in response to Request 1.

7.    Any and all manuals, booklets, pamphlets, memos, letters, correspondence, e-mail, seminar materials or other document relating to training and education of the management and supervisory personnel relative to treatment of persons concerning or related to federal and Connecticut state discriminatory laws including but not limited to physical disabilities, mental disabilities, medical impairment and medical illness.

**OBJECTION:** See general objection nos. 3, 4, 5, 6 and 7.    Defendants specifically object to this Request to the extent that it seeks information, including confidential personnel information and information, such as documents concerning physical disabilities, mental disabilities, medical impairment and medical illness, that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendants object on the bases that this Request seeks documents relating to training and education of the management and supervisory personnel subject to attorney-client privilege and documents relating to training and education of the management and supervisory personnel gathered in anticipation of litigation; further, this Request is not reasonably limited in time.

8.    Any and all manuals, handbooks, memos, letters, correspondence, e-mail or other document describing the practices, policies, procedures and goals of (a) the department, unit, team or group within the defendant company in which the plaintiff was a member; and also (b) those documents describing the practices, policies, procedures and goals of the plaintiff's position by the defendants.

**OBJECTION:** See general objection nos. 2, 4, 5, 6 and 7.    Defendants

specifically object to this Request on the basis that according to Plaintiff's Initial Disclosures pursuant to Rule 26(a), she already possesses the information sought; additionally, this Request is overly broad in time and scope inasmuch as it seeks information concerns policies and procedures wholly unrelated to Plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence; and to the extent that it seeks documents describing the practices, policies, procedures and goals of Plaintiff's former department, unit, team or group and documents describing the practices, policies, procedures and goals of Plaintiff's position, but concern confidential propriety or personnel information concerning persons not party to this litigation. Additionally, Defendants specifically object to this Request on the basis that it seeks documents gathered in anticipation of litigation.

  **RESPONSE:** Subject to and without waiver of the above objections, see documents produced in response to Request 1 and documents enclosed herewith, marked Bates No. F000144 - F000192.

  9.  Any and all memos, letters, correspondence, e-mail or other document relating to performance evaluations of the plaintiff during her employment with the defendants.

  **RESPONSE:** Subject to and without waiver of the foregoing general objections and the specific objections enumerated in response to Request 1, above, see documents produced in response to Request 1.

10.    Any and all memos, letters, correspondence, e-mail or other document relating to a description of the policy, procedure or system used by the defendants to evaluate the performance of its employees during the time that the plaintiff was employed by the defendant.

**RESPONSE:** Subject to and without waiver of the foregoing general objections and the specific objections enumerated in response to Request 1, above, see documents produced in response to Requests 1 and 8, and those enclosed herewith, marked Bates No. F000193 - F000195.

11.    Any and all letters, notes, memos, reports, evaluations or opinions of experts retained by the defendant relative to any of the issues involved in this case.

**OBJECTION:** See general objection nos. 3 and 5. Defendants specifically object to this Request on the basis that it is premature, it seeks attorney work product; it is overly broad in scope; and the phrase "relative to any of the issues involved in this case" fails to identify with sufficient particularity the document sought.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, Defendants will provide such information if and when required to do so by the Court. As of the date of this Response, there are no documents responsive to this Request.

12.    Any and all letters, notes, memos, correspondence, or reports related to investigation(s) and/or inquiries conducted relative to the plaintiff and the name(s) of those entities and persons conducting such investigation/inquiry.

-8-

**OBJECTION:** See general objection nos. 4, 5, 6 and 7. Defendants specifically object to this Request on the basis that it is overly broad in time and scope inasmuch as it seeks information wholly unrelated to Plaintiff's claims; documents over an indefinite period following her termination; and documents that mention Plaintiff, but concern confidential propriety or personnel information concerning persons not party to this litigation. Additionally, Defendants specifically object to this Request on the basis that it seeks documents relating to or concerning Plaintiff gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing and specific objections, see documents produced in response to Request 1.

13. Any and all written or oral statements or stenographic, mechanical, visual, oral, electrical, or other form of recording or transcription thereof made by any person, including any party to this case concerning this action or its subject matter.

**OBJECTION:** See general objection nos. 1, 2, 3, 4, 5 and 7. Defendants specifically object to this Request on the basis that it is so vague as to fail to identify with sufficient particularity the documents sought. Notwithstanding such vagueness, Defendants further object to this Request to the extent it seeks documents that are not in Defendants' control; documents already in Plaintiff's possession; documents that are attorney work product and/or protected by attorney-client privilege; and documents concerning this action or its subject matter gathered in anticipation of litigation. This Request also seeks documents concerning any inquiry regarding Plaintiff prior to and for an indefinite period following her termination, thus it is overly broad in time and scope.

-9-

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents produced in response to Request 1.

14.    Any and all diaries, logs, notes, journals or other stenographic, visual, oral, mechanical, electronic or other recording prepared by the defendant, or its employees, agents or servants, concerning the plaintiff's employment, termination, resignation or separation from the company prior to actual retention of counsel.

**RESPONSE:** Subject to and without waiver of the foregoing general objections and the specific objections enumerated in response to Request 1, above, see documents produced in response to Request 1.

15.    Any and all handbooks, pamphlets, booklets, memos, correspondence, e-mail, audio recordings, visual recordings, electronic or other materials outlining rules, regulations, policies or guidelines to be followed by employees, management and other personnel employed by the defendant, including said documents or tangible items that may be for the use or reference of supervisory or management personnel only, for the period that the plaintiff was employed at the defendant company through the present.

**OBJECTION:** See general objection nos. 2, 4, 5, 6 and 7. Defendants specifically object to this Request on the basis that according to Plaintiff's Initial Disclosures pursuant to Rule 26(a), she already possesses the information sought; additionally, this Request is overly broad in scope inasmuch as it seeks information concerning policies, procedures and

other documents wholly unrelated to Plaintiff's claims and not reasonably calculated to lead to the discovery of admissible evidence; and to the extent that it seeks documents describing Defendants' policies, procedures and other documents concerning confidential propriety or personnel information concerning persons not party to this litigation. Additionally, Defendants specifically object to this Request on the basis that it seeks documents gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents produced in response to Request 8 and enclosed herewith, marked Bates No. F000196 - F000210.

16. Any and all documents, memos, notes, correspondence, e-mails or other tangible items showing, referring, concerning, detailing, outlining sexual, gender or wage claims, including the findings and/or determinations of such claims filed by employees of defendant company with the Connecticut Commission on Human Rights (CHRO), for the period that the plaintiff was employed by the defendant company and through the present.

**OBJECTION:** See general objection nos. 1, 2, 3, 4, 5, 6 and 7. Defendants specifically object to this Request on the basis that this Request is overly broad to the extent that the claims of other employees are not relevant to Plaintiff's claims and is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks documents that are not in Defendants' control or possession; documents that are attorney work product and protected by attorney-client privilege; documents concerning confidential propriety or personnel information concerning persons not party to this litigation; and documents gathered

in anticipation of litigation.

17.     All documents detailing and summarizing of the total value of any and all retirement, pension, stock, savings or other benefit accrued by the plaintiff or that the plaintiff received or had a vested interest in as of the date of termination/separation from the defendant company and as of the present day.

**OBJECTION:** See general objection nos. 1, 2, 5, 6 and 7.   Defendants specifically object to this Request on the basis that it seeks information about Plaintiff's own finances that is equally available to Plaintiff from third-party sources and that Plaintiff already possesses;  further, this Request is overly broad in time and scope as it seeks documents concerning benefits that are not at issue in this case and which are unrelated to the terms and conditions of Plaintiff's employment at the time her claims purportedly arose, as such information is irrelevant to Plaintiff's claims and this Request is not reasonably calculated to lead to the discovery of admissible evidence.   Additionally, Defendants object to this Request to the extent it seeks documents gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents produced in response to Request 1 and 8, and enclosed herewith, marked Bates No. F000211 - F000292.

18.     Any and all documents, memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other document detailing the bonus structure of all non-

management employees employed at the defendant company as well as for employees terminated, resigned or retired or otherwise separated from the defendant company for the period that the plaintiff was employed by the defendant and through the present.

**OBJECTION:** See general objection nos. 4, 5, 6 and 7.  Defendants specifically object to this Request on the basis that it seeks confidential personnel information about all non-management employees, including those who were not similarly situated to Plaintiff, and without a reasonable temporal relationship to Plaintiff's claims; thus this Request is overly broad in time and scope, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendants specifically object to this Request on the basis that it seeks documents reflecting compensation and other information gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents produced in response to Requests 1 and 10.  To the extent that there is any additional responsive information, it may be produced, as appropriate, subject to agreement of the Parties to a Protective Order under Rule 26.

19.    Any and all memos, notes, correspondence, reports, summaries, surveys, statistical analysis or other document provided to a state, federal or other governmental agency related to sexual and/or gender discrimination and/or harassment claims filed with Human Resources or other similarly designated department, unit or person(s) at defendant company for 3 years prior to the period the plaintiff was employed by the defendant company and through the present.

**OBJECTION:** See general objection nos. 1, 2, 3, 4, 5, 6 and 7.  Defendants

specifically object to this Request on the basis that this Request is overly broad to the extent that the claims of other employees are not relevant to Plaintiff's claims and is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request seeks documents that are not in Defendants' control or possession; documents that are attorney work product and protected by attorney-client privilege; documents concerning confidential propriety or personnel information concerning persons not party to this litigation; and documents gathered in anticipation of litigation.

20. Any and all postings, advertisements, notices, flyers, e-mails or other document advertising, publishing and offering the opening in the plaintiff's position prior or subsequent to the plaintiff's termination or separation from the defendant's company.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, there are no documents responsive to this Request.

21. Any and all memos, letters, correspondence, e-mail or other document relating to the job descriptions and salaries, wage and bonus structure for non-management employees for all positions and jobs at the defendant company from 1995 through the present.

**OBJECTION:** See general objection nos. 4, 5, 6 and 7. Defendants specifically object to this Request on the basis that it seeks confidential personnel information about all non-management employees, including those who were not similarly situated to Plaintiff, and without a reasonable temporal relationship to Plaintiff's claims; thus this Request is overly broad in time

and scope, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, Defendants specifically object to this Request on the basis that it seeks documents reflecting compensation and other employment information gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents produced in response to Requests 1 and 10. To the extent that there is any additional responsive information, it may be produced, as appropriate, subject to agreement of the Parties to a Protective Order under Rule 26.

22.    Any and all documents, relating or concerning defendant's Interrogatory No. 2.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, see Defendants' Initial Disclosures pursuant to Rule 26(a). See also documents produced in response to Request 1.

23.    Any and all documents, relating or concerning defendant's Interrogatory No. 3.

**OBJECTION:** See general objection nos. 3 and 5. Defendants specifically object to this Request on the basis that it is premature, it seeks attorney work product; it is overly broad in scope.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, Defendants will provide such information if and when required to do so by the Court. As of the date of this Response, there are no documents responsive to this Request.

24.    Any and all documents, relating or concerning defendant's Interrogatory No. 4.

**OBJECTION:** See general objection nos. 3 and 5. Defendants specifically object to this Interrogatory on the basis that it is premature, it seeks attorney work product; and is overly broad in scope to the extent it seeks documents concerning information not relevant to the subject matter of this litigation and otherwise fails to identify the document sought with sufficient particularity.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, Defendants will provide such information if and when required to do so by the Court. As of the date of this Response, there are no documents responsive to this Request.

25.    Any and all documents, relating or concerning defendant's Interrogatory No. 5.

**OBJECTION:** See general objection nos. 4, 5 and 6. Defendants specifically object to this Request on the basis that this Request is overly broad in time and scope inasmuch as it seeks information wholly unrelated to Plaintiff's claims, documents that do not bear a reasonable temporal relationship to Plaintiff's claims, and documents that are calculated to the discovery of admissible evidence. Further, this Request seeks confidential propriety or personnel information concerning persons not party to this litigation. Additionally, Defendants specifically object to this Request on the basis that it seeks documents relating to or concerning Plaintiff gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents provided in response to Request 1.

-16-

26.     Any and all documents, relating or concerning defendant's Interrogatory No. 6.

**OBJECTION:** See general objection nos. 1, 2, and 7.  Defendants specifically object to this Request on the basis that it seeks information about Plaintiff's own finances that is equally available to Plaintiff from third-party sources and that Plaintiff already possesses. Additionally, Defendants object to this Request to the extent it seeks documents gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents produced in response to Requests 1 and 17.

27.     Any and all documents, relating or concerning defendant's Interrogatory No. 7.

**OBJECTION:** See general objection nos. 2, 3, 4, 5, 6 and 7.   Defendants specifically object to this Request on the basis that it is overly broad in time and scope inasmuch as it seeks information wholly unrelated to Plaintiff's claims; documents over an indefinite period following her termination; and documents that mention Plaintiff, but concern confidential propriety or personnel information concerning persons not party to this litigation.  Additionally, Defendants specifically object to this Request on the basis that it seeks documents constituting attorney work product, that are protected by attorney-client privilege, and documents gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing and specific objections, see documents produced in response to Request 1.

28.     Any and all documents, relating or concerning defendant's Interrogatory No. 8.

**OBJECTION:** See general objection nos. 4, 5 and 6. Defendants specifically object to this Request on the basis that this Request is overly broad in time and scope inasmuch as it seeks information wholly unrelated to Plaintiff's claims, documents that do not bear a reasonable temporal relationship to Plaintiff's claims, and documents that are calculated to the discovery of admissible evidence. Further, this Request seeks confidential propriety or personnel information concerning persons not party to this litigation. Additionally, Defendants specifically object to this Request on the basis that it seeks documents relating to or concerning Plaintiff gathered in anticipation of litigation.

**RESPONSE:** Subject to and without waiver of the foregoing general and specific objections, see documents provided in response to Request 1.

29.     Any and all documents, relating or concerning defendant's Interrogatory No. 12.

**OBJECTION:** See general objection nos. 3, 4, 5, 6 and 7. Defendants specifically object to this Request on the basis that it is overly broad in its scope, seeking documents that "in any way relate" to any claim, allegation or defense; in the same vein, it seeks documents that are not relevant to the subject matter of this litigation and is not reasonably calculated to lead to the discovery of admissible evidence; it seeks documents that are not in Defendants' control; documents already in Plaintiff's possession; documents that are attorney work product and/or protected by attorney-client privilege; and documents concerning this action

or its subject matter gathered in anticipation of litigation. This Request also seeks documents concerning any inquiry regarding Plaintiff prior to and for an indefinite period following her termination, thus it is overly broad in time and scope. Further, this Request seeks documents that concern confidential propriety or personnel information concerning persons not party to this litigation.

**RESPONSE:** Without waiver of the foregoing general and specific objections, see Defendants' Initial Disclosures pursuant to Rule 26(a).

30.    Any and all documents, relating or concerning defendant's Interrogatory No. 14.

**RESPONSE:** Subject to and without waiver of the foregoing general objections, see Defendants' response to Interrogatory 14.

31.    Any and all documents, relating or concerning defendant's Interrogatory No. 15.

**OBJECTION:** See general objection nos. 3 and 5. Defendants specifically object to this Request on the basis that it seeks documents protected by attorney-client privilege and fails to describe with sufficient particularity the documents sought.

32.    Any and all documents, relating or concerning defendant's Interrogatory No. 16.

**RESPONSE:** Subject to and without waiver of the above objections, documents responsive to this Request do not exist.

33.     Provide a copy of the insurance policy for liability, breech [sic] of contract or other matters providing and funding to maintain this lawsuit.

**RESPONSE:** Subject to and without waiver of the above objections, see response to Request 30, above.

THE DEFENDANTS,
FLEXI INTERNATIONAL SOFTWARE, INC.,
KEVIN NOLAN, STEFAN BOTHE
AND JAY BELSKY
BY CUMMINGS & LOCKWOOD
THEIR ATTORNEYS


By *Alison Jacobs Wice*
Marc L. Zaken (CT 03110)
Alison Jacobs Wice (CT 21771)
Four Stamford Plaza
P.O. Box 120
Stamford, CT  06904-0120
(203) 327-1700

-20-

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION was sent via Federal Express delivery, postage prepaid to:

Eugene N. Axelrod
The Employment Law Group LLC
8 Lunar Drive
Woodbridge, CT 06525

This 23d day of December, 2002.

Marc L. Zaken
Alison Jacobs Wice

.StmLib1:977748.1 12/23/02

-21-