```
Subj:   Absher v. Belsky, et al.
Date:   12/2/03 3:15:50 PM Pacific Standard Time
From:   TRonan@PULLCOM.COM (Ronan, Timothy G.)
To:     mjmelly@aol.com ('mjmelly@aol.com')
File:   Ronan,TimothyG..vcf (426 bytes) DL Time (50666 bps): < 1 minute
```

Hello Mike.
C&L faxed over a copy of your email to me at my new firm.
I write in response.
First, excuse the email as I do not have a secretary here yet and have not learned their (correction, our) word processing systems yet.

Second, I understand that you are adamant about moving this matter forward. However, as I told you when you called yesterday, I am no longer with Cummings & Lockwood LLC. On December 1, 2003, I joined Pullman & Comley, LLC in its Stamford office.

The file in the above-referenced matter remains at C&L and I do not have access to it. I understand that a letter has gone out to the Defendants from C&L requesting instructions about the file. When the clients respond to the letter, they may direct C&L to release the file to me. If they do, then I will be in a position to provide you with document copies, contact potential witnesses and participate in a pre-motion conference with you pursuant to Local Civil Rule 37(a) 2. At such conference we can discuss any issues which you may have with any of the Defendants' objections or discovery compliance and we can also discuss any issues which Defendants may have with Plaintiff's discovery compliance. (I have not raised it with you lately, but I do not believe that we ever received a privilege list from Plaintiff. There are other issues of non-compliance, but I only bring this one up because of the questions that I have concerning the waiver of any privilege through the intentional disclosure and use of written communications between Plaintiff and her counsel at the deposition of Jay Belsky.)

I realize that my departure from C&L complicates this process somewhat, but it certainly was not done to create "an excuse for postponement." It is disruptive, to be sure. But it is reality, not an excuse.

I note that you want us to confirm a date for the settlement conference. I still have not received a copy of the notice from the court requesting dates. Please be kind enough to send me a copy of the one that you received and I will pursue the availability of the Defendants for such conference.

Mike, I want to cooperate with you on this. If we are heading for trial, then you know that neither the Defendants nor the Plaintiff has completed discovery. As we discussed when we were last with Judge Nevas (when the discovery period had already expired), it would behoove us to go through the settlement conference before more of our respective clients resources were wasted in litigating a case that could be settled. That way, the Defendants would have more money to contribute to settlement and Plaintiff would have fewer expenses to cover from the settlement funds. This is why we agreed with the Judge to try to organize a swift conference and postpone the discovery, motion practice and other deadlines until after the conference.

I still support this approach. If you believe that it is no longer tenable, then I suggest that we go meet with Judge Nevas and see how he wants to handle it.

In the meantime, I will hold by my deal.
Finally, when we met with Judge Nevas, I recall you giving me the damages analysis which you prepared, but I do not recall you conveying a settlement demand from your client for me to convey to mine. (I do recall some discussion between us about possible ranges, but no definite numbers.) Please feel free to convey any demand to me by return email and I will make sure that it gets to the Defendants immediately.

Please be sure to use the information below to contact me.
Regards,

Thursday, December 04, 2003      America Online: Mjmelly

Tim

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS CONFIDENTIAL AND PRIVILEGED, AND IS INTENDED ONLY FOR THE USE OF THE NAMED RECEIVER. IF YOU ARE NOT THE NAMED RECEIVER, OR THE PERSON RESPONSIBLE FOR DELIVERING THIS E-MAIL MESSAGE TO THE NAMED RECEIVER, YOU ARE NOTIFIED THAT ANY USE OF THIS E-MAIL MESSAGE OR ITS CONTENTS, INCLUDING ANY DISSEMINATION OR COPYING, IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL MESSAGE IN ERROR, PLEASE IMMEDIATELY NOTIFY PULLMAN & COMLEY BY TELEPHONE AT (203) 324-5000, AND DESTROY THE ORIGINAL MESSAGE. WE WILL REIMBURSE YOUR TELEPHONE EXPENSE FOR DOING SO. THANK YOU.

<<Ronan, Timothy G..vcf>>

```
------------------- Headers -------------------
Return-Path: <TRonan@PULLCOM.COM>
Received: from rly-xl03.mx.aol.com (rly-xl03.mail.aol.com [172.20.83.72]) by air-xl02.mail.aol.com (v97.10)
 with ESMTP id MAILINXL21-5c23fcd1cf6143; Tue, 02 Dec 2003 18:15:50 -0500
Received: from bprtex01.pullcom.com (bprtex01.pullcom.com [208.248.34.4]) by rly-xl03.mx.aol.com
 (v97.10) with ESMTP id MAILRELAYINXL34-5c23fcd1cf6143; Tue, 02 Dec 2003 18:15:02 -0500
Received: by BPRTEX01 with Internet Mail Service (5.5.2653.19)
 id <WMMD7F8T>; Tue, 2 Dec 2003 18:13:00 -0500
Message-ID: <EB5E02571F2FD311AF7B00508B2C7C9742E1FB@STFDFP01>
From: "Ronan, Timothy G." <TRonan@PULLCOM.COM>
To: "'mjmelly@aol.com'" <mjmelly@aol.com>
Subject: Absher v. Belsky, et al.
Date: Tue, 2 Dec 2003 18:17:50 -0500
MIME-Version: 1.0
X-Mailer: Internet Mail Service (5.5.2653.19)
Content-Type: multipart/mixed;
    boundary="----_=_NextPart_000_01C3B92A.81024340"
X-AOL-IP: 208.248.34.4
X-AOL-SCOLL-SCORE: 0:XXX:XX
X-AOL-SCOLL-URL_COUNT: 0
```

Thursday, December 04, 2003     America Online: Mjmelly