| | |
|---|---|
| Subj: | **Re: Absher v. Flexi, et al.** |
| Date: | 12/4/03 7:18:48 AM Pacific Standard Time |
| From: | Mjmelly |
| To: | TRonan@PULLCOM.COM |

Tim:

    This is not the type of communication that we discussed on December 1st. I stand by my conviction to move forward in discovery. I never agreed to stop discovery. Speaking to Judge Nevas will not change my mind. You have an appearance in this case. Until there is a new attorney, you are the responsible attorney and Cummings cannot interfere with that, and probably will not. I'll be more than happy to discuss this with Cummings. Again, I expect to discuss my discovery requests this week, otherwise a motion to compel shall be filed, forthwith. Further, provide dates for depos, otherwise subpoenas shall be issued. who do I speak with at Cummings to pick up the items already promised.

    Tim, this is the most blatent delay in the process that I have ever seen. Its been going on for over six months. Cut it out. We have a case to pursue-lets do it. If it settles great-if not, then we'll have done our jobs.

M. Melly

Thursday, December 04, 2003    America Online: Mjmelly

| | |
|---|---|
| Subj: | **Re: Absher v. Flexi, et al.** |
| Date: | 12/5/03 10:26:41 AM Pacific Standard Time |
| From: | Mjmelly |
| To: | TRonan@PULLCOM.COM |

Attorney Ronan:

    I left a mesage on your voicemail today, December 6, 2003.  In light of the comments in your email dated December 4, 2003, it clearly appears that you have breached your promise to me on December 1, 2003 that we would talk about plaintiff's discovery requests and defendant's objections.  You are clearly attempting to prevent plaintiff's discovery pursuits until the parties engage in a settelment conference.  I find it incredible that the defendant is totally unrepresented as you do not have the file and puportedly cannot do anything without it and nobody at Cummings has an appearance in the case or has any knowledge about the case.  I do not believe that Cummings would prevent you from access to the file, given the circumstances.

    I have wanted to depose people as far back as my discussions with Allie Wice of your former office.  I specifically told you a number of time sthat I did not want to stop discovery pending a settlement conference.  Since you are not providing me with dates, I shall pick them myself.

    I will be happy to provide you with copies of plaintiff's requests and defendant's objections, if you do not have them, so that we may discuss defendant's objections.
Regarding settlement, based upon my previous discussions with both you and Allie, I sincerely believe that the parties are quite far apart in settling this matter.  Both I and the plaintiff have, however, shown good faith in jointly pursuing a settelment conference.  As you know,  plaintiff is not required to engage in a settlement conference at this or any time.  If you continue to insist that we cannot conduct discovery until a settlement conference has occured, the plaintiff will decline settlement conference at this time.

    Regarding defendants discovery requests to which the plaintiff has objected, I would like to discuss them as well.  Your raising that as an issue is quite disingenuous, until such time that you return my calls and we discuss these and other issues that I have been trying for months.  Do you realize that you have never returned any of my calls to you.

    As you recall you promised us a box of discovery at Ms. Absher's deposition. This must be the box you refer to as voluminous.  It appears that you are now breaching that promise.  The voluminous nature of the box is irrelevant, if I am going to be picking it up.  Please provide a date for pick-up.

    May I hear from you regarding firm dates for pick up of discovery, depositions, discovery conference and settlement conference.


Sincerely,


Michael J. Melly

Friday, December 05, 2003    America Online: Mjmelly