**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

FILED

2004 JAN 16  P 2: 40

US DISTRICT COURT
BRIDGEPORT CT

RITA ABSHER                          :

      PLAINTIFF,           :         CIVIL ACTION NO.
                    :         3:02 CV171(AHN)

v.                                   :

FLEXI INTERNATIONAL                  :         DECEMBER 30, 2003
SOFTWARE, INC. AND JAY BELSKY  :

     DEFENDANTS            :

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Plaintiff, Rita Absher, files, pursuant to F.R.C.P. 37 and Local Rules, this memorandum of law in support of plaintiff's Motion to Compel Discovery.

## I.    PROCEDURAL POSTURE

The plaintiff, Rita Absher's employment with the defendant company was terminated following her complaints of sexual harassment against the defendant, Jay Belsky. The plaintiff commenced this action for claims arising under Title VII [sexual harassment and gender discrimination], contract and promissory estoppel.  The discovery period was enlarged by the court to December 28, 2003.  The parties agreed to an enlargement of the discovery period and a motion for enlargement was filed on or about December 27, 2003.  Plaintiff served interrogatories and production requests on October 3, 2002 and the defendant filed responses and objections on December 23, 2002.  Exhibits 1 & 2.  The court has referred this case to Magistrate Fitzsimmons for a settlement conference.

## II.    ARGUMENT

"The discovery rules are designed to facilitate trial proceedings and to make a 'trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practical extent." Caccavale v. Hospital of St. Raphael, 14 Conn. App. 504, 507, 541 A.2d 893, cert. denied, 208 Conn. 812, 545 A.2d 1107 (1988); quoting, United States v. Proctor & Gamble, 356 U.S. 677, 682, 78 S.Ct. 983, 2 L.Ed. 2d 1077 (1958). ). "[T]o aid the quest for relevant information parties should not seek to evade disclosure by quibbling and objection..." Marchand v. Mercy Med. Ctr., 22 F.3d 933, 938 (9th Cir. 1994). The record clearly shows that the defendant has not followed the basic rules of discovery and has chosen to assert frivolous objections and declare certain documents as being responsive to many requests, when such documents are/were not even remotely related or responsive to the plaintiff's requests. In light of defendant's responses, as a whole, plaintiff is skeptical of the forthrightness of any of the defendant's responses.


### A.    Plaintiff Diligently Attempted to Resolve The Disputes

Fed. Rules. Civ. P. 33 and 34 require the parties to attempt to resolve their disputes. The plaintiff has attempted to resolve the disputes between the parties, to no avail. The defendant has lodged blanket objections and been unwilling to even discuss said objections. Defendant's lack of diligent effort to discuss the disputes leads one to surmise that the defendant is unwilling to compromise regarding *any* discovery issue.

Counsel for the plaintiff was retained as the sole attorney for the plaintiff on or

about the second week of September 2003. Shortly thereafter, after counsel for the

plaintiff, Michael J. Melly, attempted to communicate with defendant's counsel Timothy

Ronan September 23 & 25, 2003 and October 10, 2003.[1] In a second telephone call on

October 10, 2003 counsel discussed the case and issues regarding settlement. Attorney

Melly expressed his intent to pursue discovery and speak about discovery issues.

Discovery issues were not discussed at that time.[2] Attorney Melly attempted

communication with Attorney Ronan on November 6, 10 & 20, 2003.[3] The parties

[counsel only] attended a status conference on October 23, 2003. After the status

conference counsel discussed the case and a damage analysis was provided to Attorney

Ronan. Discovery issues were not discussed at that time, however, Attorney Melly

reiterated his intent and desire to pursue outstanding discovery, including defendant's

objections.[4] Attorney Melly wrote attorney Ronan on November 21, 2003 requesting that

Attorney Ronan speak regarding discovery objections and issues such as depositions

which the plaintiff desired to take. Exhibit 4. On December 1, 2003 Attorney Melly and

Ronan spoke wherein Attorney Melly reiterated his desire to discuss defendant's

discovery objections and schedule depositions.[5] Attorney Melly also requested that he be

allowed to pick-up discovery that had already been promised. Attorney Melly reiterated

these requests in writing *again* on December 2, 2003. Exhibit 5. On December 2, 2003

Attorney Ronan wrote Melly with all sorts of excuses for his lack of cooperation, none

the least of which was a purported agreement and court order  postponing discovery.

---

[1] See certification of Attorney Michael J. Melly, attached ; September 23, 2003 by letter (Exhibit 3) and
September 25, 2003 by telephone;
[2] See certification of Attorney Michael J. Melly, attached
[3] Messages were left for Attorney Ronan; See certification of Attorney Michael J. Melly, attached.
[4] See certification of Attorney Michael J. Melly, attached.
[5] See certification of Attorney Michael J. Melly, attached.

Exhibit 6. The is the first mention in this case of any agreement to postpone discovery. Plaintiff contends that there has been no such agreement. Attorney Ronan also interjected in his December 2, 2003 correspondence an excuse that he had left law firms. It is inconceivable that he [Ronan] could not have planned for said departure, thereby affording him the ability to continue diligent representation of the defendant in this case. On December 4th & 5th 2003 Attorney Melly responded in writing to these dilatory excuses, while again reiterating his desire to discuss the disputes and discovery in general. Exhibit 7.

Defendant's lack of cooperation is further evidenced by its cancellation of scheduled depositions. Defendant ignored plaintiff's request to discuss dates for depositions, then, on December 5, 2003, when the plaintiff [by counsel], yet again, called Attorney Ronan, defendant cancelled the depositions.

The defendant's lack of cooperation in discovery shows none other than a lack of respect for the plaintiff and her counsel, as well as the Federal Rules of Civil Procedure. The defendant has stalled and delayed to the point where the discovery period has again expired. Counsel for the plaintiff fulfilled his duty to confer in an attempt to resolve the dispute. Fed. R. Civ. P. 26(c) & 37(a)(2).

### B.   Interrogatories

Plaintiff served sixteen interrogatories to which the defendant objected to every interrogatory request and answered only two of the requests. Exhibit 1. Many of the

requests referred to documents produced in response to other interrogatory requests.  For

instance, many of the defendants' interrogatory responses referred the plaintiff to

documents in requests 1, 8, 15 & 17.  While there were not any documents in response to

these interrogatories, there were documents in response to said production requests.

These responses were inadequate and inappropriate as, first, there were no documents

referred to *or* produced in those requests [Nos. 1, 8 & 15],  unless the defendant was

referring to the documents in response to said production requests.  The plaintiff had no

way of knowing,  if defendant was referring to this, except through speculation.

Regardless, the defendant did not answer interrogatories, as required.  There is not any

provision in the rules allowing a party responding to interrogatory requests to refer to a

multi-page package of documents in response to such request.  The plaintiff should not be

required to decipher through multiple pages of documents, speculating as to which page,

line or word may or may not be responsive to the interrogatory at issue.  Even where the

defendant referred to a package of documents, after expending time and effort reviewed

the documents, plaintiff concluded that said documents were not even remotely

responsive to the requests at issue.

The defendant also objected to *all* of the plaintiff's production requests, however,

it waived some objections by producing certain items.  It produced the following a.)

plaintiff's employee file [bate stamp 1-143];   b.) company employee handbook [bate

stamp 196-210];   c.) miscellaneous company policies and procedures [bate stamp 144-

192];  d.) description of fringe benefit information [bate stamp 211-292];   e.)

performance evaluation [bate stamps 193-195];

**Interrogatory No. 6 & Production No. 17**

Interrogatory No. 6

State the value and cost (to plaintiff and defendant) as of the date of
termination/separation from the defendant of the plaintiff's retirement, pension, 401k,
medical insurance, dental insurance, life insurance or other benefit received by the
plaintiff.

Production No. 17

All documents detailing and summarizing of the total value of any and all retirement,
pension, stock, savings or other benefit accrued by the plaintiff or that the plaintiff
received or had a vested interest in as of the date of termination/separation from the
defendant company and as of the present day.

Defendant objects to these requests on the grounds of relevance, not reasonably

calculated to lead to admissible evidence , work product and attorney-client privilege.

Although the defendant produced benefit policies (bate stamp 211-292), the produced

documents are not responsive to the request. Plaintiff is claiming these items as damages

in this case and has a right to know the values and cost of each such benefit. Such

items go to the heart of the damages issues in the case and are admissible at trial.

Although defendant refers to documents in response to requests 1 & 17, there is nothing

in those documents that is responsive. The documents merely identify and explain the [in

a general way] the benefits offered by the company. The value and cost of the benefits is

not provided, either by interrogatory response or production response. Regardless, the

defendant is required to answer each interrogatory. There is not any provision in the

rules allowing a party responding to interrogatory requests to refer to a required to

decipher through multiple pages of documents, speculating as to which page, line or word

may or may not be responsive to the interrogatory at issue. However, upon review there

is nothing that responds to this interrogatory.

**Interrogatory No. 7 & Production No. 27**

As to any investigation or inquiry conducted by the defendant, its agent, servant, employee or contractor, including investigation/inquiry by attorneys regarding plaintiff's claims and defendant defenses and claims in this matter state:

a.) The date nature and purpose of any such investigation.
b.) Whether a record, report or writing was made of it, and if so the date of such.
c.) The name and address and telephone number of the person and agency, company or organization conducting the investigation.
d.) A description of the subject matter, results and findings of any such investigation.

The defendant, again, merely refers plaintiff to a package of documents-the employee

file. Regardless, the defendant is required to answer each interrogatory. There is not any

provision in the rules allowing a party responding to interrogatory requests to refer to a

multi-page package of documents in response to such request. The plaintiff should not be

required to decipher through multiple pages of documents, speculating as to which page,

line or word may or may not be responsive to the interrogatory at issue. However, upon

review there is nothing that responds to this interrogatory.

Investigations conducted by attorneys are discoverable. Susan Pray, Barbara

Baird and Liane Marston v. The New York City Ballet Company, 1997 U.S. Dist Lexis

6995; 96 Civ. 5723, (May 19, 1997); see also, Harding v. Dana Transport, 914 F.Supp.

1084, 1094 (D.N.J. 1996); Walsh v. Westminister Bankcorp, Inc. 921 F. Supp. 168, 172-

73 (S.D.N.Y. 1995)


**Interrogatory No. 9 & Production No. 7**

Interrogatory No. 9
State the title(s) and date of all employee handbooks, manuals, and publications and modifications or amendments thereto, published by the defendant from 1994 through the present.

Production No. 7

Any and all manuals, booklets, pamphlets, memos, letters, correspondence, email, seminar materials or other document relating to training and education of the management and supervisory personnel relative to treatment of persons concerning or related to federal and Connecticut state discrimination laws, including but not limited to physical disabilities, mental disabilities, medical impairment and mental illness.

Although defendant refers to documents in its interrogatory response [referring to requests 8], there is nothing contained in those documents that is responsive. Regardless, the defendant is required to answer each interrogatory. There is not any provision in the rules allowing a party responding to an interrogatory request to refer to a multi-page package of documents in response to such request. The plaintiff should not be required to decipher through multiple pages of documents, speculating as to which page, line or word may or may not be responsive to the interrogatory at issue. However, upon review it is impossible to decipher which portion of the documents the defendant believes responds to that portion of the request regarding modifications or amendments. Plaintiff has a right to inquire into modifications and amendments of company policies, as company policies generally play an important role in employment related litigation. Plaintiff insists that the defendant answer this interrogatory coherently in accordance with its duty.

## Interrogatory No. 10 & Production No. 15

Interrogatory No. 10
State the title(s) and date of all employee handbooks, manuals, and publications and modifications or amendments thereto, for use and reference by a.) supervisory or management personnel and b.) non management employees of the defendant from 1994 through the present.

Production No. 15

Any and all handbooks, pamphlets, booklets, memos, correspondence, email, audio recordings, visual recordings, electronic or other materials outlining rules, regulations, policies or guidelines to be followed by employees, management and other personnel employed by the defendant, including said documents or tangible items that may be for the use or reference of supervisory or management personnel only, for the period that the plaintiff was employed at the defendant company, through the present.

The defendant did not answer interrogatory no. 10 regarding the existence of these materials. Thus, it is difficult to access whether all responsive documents have been produced. However, upon review of the documents produced it, appears that modifications and amendments have not been provided. Although defendant refers plaintiff to documents produced in response to requests 8 & 15, there is nothing in those documents that is responsive. Regardless, the defendant is required to answer each interrogatory in an intelligible and coherent manner. There is not any provision in the rules allowing a party responding to interrogatory requests to refer to a multi-page package of documents in response to such request. The plaintiff should not be required to decipher through multiple pages of documents, speculating as to which page, line or word may or may not be responsive to the interrogatory at issue. However, upon review of the documents it is impossible to decipher what portion of the documents responds to that portion of the request regarding modifications or amendments. Plaintiff has a right to inquire into modifications and amendments of company policies, as company policies generally play an important role in employment related litigation. Further, the defendant did not provide an answer to which portion of the package pertained to supervisory and which portion pertained to non management personnel. There cannot be any doubt

that policies espoused in handbooks…may differ between management and non-

management personnel.  Plaintiff should have an opportunity to know to whom certain

handbooks pertain. Plaintiff insists that the defendant answer this interrogatory in

accordance with its duty and specify in production to which request any such responsive

document applies.

### Interrogatory No. 11 & Production No. 16

Interrogatory No. 11

State each name of the person, date filed and title of those individuals filing, making or
presenting complaints a) internally with the defendant company b) administrative
complaints against the company c.)litigation forums against the company related to sex
harassment, gender discrimination and/or wage claims. And for each state the nature,
substance, reason and dollar value of settlement, award for the period 1995 through the
present.

Production No. 16

Any and all documents, memos, notes, correspondence, email or other tangible items
showing, referring, concerning, detailing, outlining sexual, gender or wage claims,
including the findings and/or determinations of such claims filed by employees of
defendant company with the CHRO, for the period that the plaintiff was employed by the
defendant company through the present.

Defendant objects to these requests on the grounds of relevance, not reasonably

calculated to lead to admissible evidence , work product and attorney-client privilege.

It is well settled that an individual disparate treatment plaintiff may use statistical

evidence regarding employment practices at the pretext stage to help rebut the employer's

purported non discriminatory reason for termination.  Hollander v. American Cyanamid,

172 F.3d 192 (2d Cir. 1999); see, Stratton v. Dep't for the Aging, 132 F.3d 869, 877 (2d

Cir. 1997).  Evidence relating to company wide practice may reveal patterns of

discrimination and bias. Thus, at the discovery stage such information is discoverable.

See, <u>National Organization for Women, Farmington Valley Chapter v. Sperry Rand</u>

<u>Corporation</u>, 88 F.R.D. 272 (D.Conn 1980), where the court in a Title VII (race and sex)

case, allowed sex and race complaints of other employees.

**Interrogatory No. 12 & Interrogatory No. 2 & Production No. 29**

<u>Interrogatory No 12.</u>

State the following for all the allegations contained in the complaint of
defendant's claims and defenses to the plaintiff's allegations in the plaintiff's complaint.
  - a.) State the name, title and nature of every document which in any way relates to or concerns the above mentioned allegations/claims/defenses.
  - b.) State the name address and department within the defendant company and job title of every person who has knowledge of any facts which relate to or concern the allegations in the complaint and the defendant's claims/defenses.
  - c.) With respect to any person identified in response to subparagraphs a) or b) of this interrogatory, set forth in detail, and separately for each person, the precise facts which said person has knowledge and the source of said knowledge.
  - d.) Identify any and all conversations or communications, including the name and address of the participants therein and the dates thereof, which relate in any way to the allegations in the complaint and the defendant's claims/defenses.

<u>Interrogatory No 2</u>

State the name and address position and department within the defendant company of
each and every person whom you believe has knowledge of any facts relating to the
plaintiff's allegations and/or the defendant's answer and defenses to the plaintiff's
allegations in the complaint and give a detailed description of the knowledge possessed
by each individual.

<u>Production No. 29</u>

And all documents related to interrogatory No. 12, which states;

[State the following for all the allegations contained in the complaint of defendant's
claims and defenses to the plaintiff's allegations in the plaintiff's complaint.
  - a.  State the name, title and nature of every document which in any way relates to or concerns the above mentioned allegations/claims/defenses.

    b.  State the name address and department within the defendant company and job title of every person who has knowledge of any facts which relate to or concern the allegations in the complaint and the defendant's claims/defenses.

    c.  With respect to any person identified in response to subparagraphs a) or b) of this interrogatory, set forth in detail, and separately for each person, the precise facts which said person has knowledge and the source of said knowledge.

    d.  Identify any and all conversations or communications, including the name and address of the participants therein and the dates thereof, which relate in any way to the allegations in the complaint and the defendant's claims/defenses.]

Defendant objects to these requests on the basis of attorney client privilege and burdensome. The defendant's objections to this request are incredible, as it is inconceivable that the only type of communication and information which may be responsive to this request is that of attorneys and their clients. By this objection, the defendant suggests that there are not any employees or documents that relate to plaintiff's claims or the incidents giving rise to plaintiff's claims in any manner. Defendant also refers [interrogatory response No. 2] the plaintiff to defendant's initial disclosures. The plaintiff insists that the defendant respond to this interrogatory properly and that its response be verified under oath. Initial disclosures do not relieve the defendant of its responsibilities in discovery. Further, comments made by defendant's counsel, throughout the proceedings in this case, allude to witnesses and information which have *not* been properly or formally disclosed thus far in the proceedings. It is unfair to the plaintiff, that there is information, witnesses and claims by the defendant which are being hidden and withheld. For, instance, if there are layoffs or RIFs which are related to plaintiff's termination, this is discoverable. Similarly, if there is email or other communication to or from the plaintiff related to any issues in this case, this information and documentation is discoverable.

**Interrogatory No. 13 & Production No. 13**

Interrogatory No 13

State whether you have obtained a statement from any person concerning the incidents alleged in the plaintiff's complaint or defendant's answer, claims and defenses. If so, please state:
- a.) Name and address of the person who gave the statement from any person said statement was obtained.
- b.) If, written, whether signed by the person making said statement.
- c.) If oral, the name and address of the person who obtained the statement and the date statement was obtained.
- d.)  The nature and substance of each such statement.

Production No. 13,  requests:

Any and all written or oral statements or stenographic, mechanical, visual, oral, electrical or other form of recording or transcription thereof made by any person, including any party to this case concerning this action or its subject matter.

Defendant objects to this interrogatory as attorney work product and attorney/client privilege, yet, defendant has not provided a privilege log in accordance with the rules. The use of statements are common practice in federal court and, clearly, allowed in examining witnesses. See, F.R.C.P. 613. Further, statements are admissible in federal proceedings. See, F.R.C.P. 801. Defendant should not be allowed to hide information, statements and witnesses under the guise of attorney/client privilege. A witness is a witness and a statement is a statement whether or nor an attorney happened to be involved. See discussion of attorney investigations, supra. [interr. No. 7 and prod. No. 27].

## Interrogatory No. 14 & Production No. 30

Interrogatory No. 14  [Note: Prouction No. 30 seeks the same documents]

State whether the defendant maintains insurance for liability concerning discrimination of employees, breach of contract, wrongful discharge/termination or other matter related to the plaintiff's claims and allegations in this matter.  If so, state.

    a.)  The name and address of the carrier.
    b.)  The scope, type and purpose of coverage;
    c.)  The policy limits;

Defendant has not objected to this interrogatory and has not responded either,

except to say that it has not been able to determine the answer.  Clearly, this

response is unresponsive to either request, interrogatory or production.  It is a

standard request in these types of claims.

## Interrogatory No. 15 & Production No. 31

    If you contend that any party to this action has, at any time, made admissions, and state:
    a.)  The date and location where the admission was made.
    b.)  The name and address of the person making it;
    c.)  The name and address of the persons to whom it was made;
    d.)  State the nature and description of the substance of the admission;
    e.)  State whether it was reduced to writing, notes, memo or other written detail.
    f.)  The name and address of the person present when it was made;

Defendants objection is based on attorney-client privilege and that the request does

not describe the documents sought.  Defendant has failed to provide a privilege log.  The

remaining portion of the objection is incomprehensible as the plaintiff is not seeking

documents in the interrogatory request.  Plaintiff has a right to this information as, should

the defendant claim admissions, then it should not be able to hide such claims and

information in the hopes of surprising the plaintiff at trial.  Parties should admit to the

fullest extent possible, and explain in detail why other portions of the request may not be

admitted. <u>Marchand v. Mercy Med. Ctr.</u>, 22 F.3d 933, 938 (9th Cir. 1994).

## C.    <u>PRODUCTION</u>

The defendant objected to *all* of the plaintiff's production requests, however, it

waived some requests by producing certain items.  It produced the following a.)

plaintiff's employee file [bate stamp 1-143];  b.) company employee handbook [bate

stamp 196-210];  c.) miscellaneous. policies & procedures [bate stamp 144-

192];  d.) description of benefit information [bate stamp 211-292];  e.) performance

evaluations [bate stamps 193-195];

Defendant objected to and provided no documents in response to production Nos.

6, 7, 11, 14, 16, 17, 18, 19, & 21.

### <u>Production No. 18</u>

Any and all documents, memos, notes, correspondence, reports, summaries, surveys,
statistical analysis or other document detailing the bonus structure of all non management
employees employed at the defendant company as well as for employees terminated,
resigned or retired or otherwise separated from the defendant company for the period that
the plaintiff was employed by the defendant and through the present.

Defendant objects to this request on the grounds of relevance, not reasonably

calculated to lead to admissible evidence , and prepared in anticipation of litigation, work

product and attorney-client privilege.  Defendant further objects that the requested

materials is confidential.

The plaintiff claims lost bonus as damages in this matter.  It is necessary, in order

to show a jury what should have been given to the plaintiff, to know the various bonus' or

promises of bonus' to other employees.  Further, the salary and bonus received by other

employees, especially male employees may corroborate plaintiff's claims and prove that

the plaintiff was treated differently than her male coworkers.  This information may

provide the circumstantial evidence, which is so often the basis of proving discrimination

cases.  Plaintiff is agreeable to signing a protective order regarding documents which may

be confidential.

## Production No. 19

Any and all memos, notes, correspondence, reports, summaries, surveys, statistical
analysis, or other document provided to a state, federal or other governmental agency
related to sexual and/or gender discrimination and/or harassment claims filed with the
human resources or other designated department, unit or person at the defendant
company for three years prior to the period the plaintiff was employed by the defendant
company and through the present.

Defendant objects to this request on the grounds of relevance, not reasonably

calculated to lead to admissible evidence , prepared in anticipation of litigation, work

product and attorney-client privilege.

Defendant produced documents bate stamp 1-143 and 193-195.  These documents

are not responsive to the request.  The documents produced are not responsive to this

request, as bates 1-143 is comprises the plaintiff's employee file and bates 193-195

comprises a performance review.  Evidence relating to company wide practice may

reveal patterns of discrimination and bias.  Thus, at the discovery stage such information

is discoverable.  See, National Organization for Women, Farmington Valley Chapter v.

Sperry Rand Corporation, 88 F.R.D. 272  (D.Conn 1980), where the court in a Title VII

(race and sex) case, allowed sex and race complaints of other employees as well as filings

with governmental agency (federal Contract Compliance).

This information may support plaintiff's claims and prove that the plaintiff was treated

differently than her male coworkers. This information may provide the circumstantial evidence, which is so often the basis of proving discrimination cases. Plaintiff is agreeable to signing a protective order regarding documents which may be confidential.

## Production No. 21

Any and all memos, letters, correspondence, email or other document relating to the job descriptions and salaries, wage and bonus structure for non-management employees for all positions and jobs at the defendant company from 1995 through the present.

Defendant objects to this request on the grounds of relevance, not reasonably calculated to lead to admissible evidence and prepared in anticipation of litigation. Defendant produced the plaintiff's employee file (bates 1-143) and (193-195). These documents are not responsive to these requests. This information may support plaintiff's claims and prove that the plaintiff was treated differently than her male coworkers. This information may provide the circumstantial evidence, which is so often the basis of proving discrimination cases. Plaintiff is agreeable to signing a protective order regarding documents which may be confidential.

## Production No. 22

And all documents related to interrogatory No. 2, which states, [State the name and address position and department within the defendant company of each and every person whom you believe has knowledge of any facts relating to the plaintiff's allegations and/or the defendant's answer and defenses to the plaintiff's allegations in the complaint and give a detailed description of the knowledge possessed by each individual.]

Defendant refers the plaintiff to plaintiff's personnel file (bates 1-143). Plaintiff has no way of knowing, except through speculation, which page or document is responsive to this request. As one might expect, the plain tiff's employee file contains

many documents, most of which are unrelated to the others. Regardless, the defendant is required to produce documents responsive to the request, if they exist. There is not any provision in the rules allowing a party responding to production requests to refer to a multi-page package of documents in response to such request. The plaintiff should not be required to decipher through multiple pages of documents, speculating as to which page, line or word may or may not be responsive to the request.

**Production No. 25**

Any all documents related to interrogatory No. 5, which states,

State the name, age, dob, department within the company and current job title of all persons assuming part or all of the tasks, duties and responsibilities that the plaintiff performed at the time of her termination/separation from the defendant company;and state the dates that each person assumed such tasks, duties and responsibilities; and, state forgoing for the period from the plaintiff's termination/separation.

Defendant refers the plaintiff to plaintiff's personnel file (bates 1-143). Plaintiff has no way of knowing, except through speculation, which page or document is responsive to this request. As one might expect, the plaintiff's employee file contains many documents, most of which are unrelated to the others. Regardless, none of the documents contained in plaintiff's employee file are responsive to this request. The defendant is required to produce documents responsive to the request, if they exist. There is not any provision in the rules allowing a party responding to production requests to refer to a multi-page package of documents in response to such request, requiring the plaintiff to decipher through multiple pages of documents, speculating as to which page, line or word may or may not be responsive to the request.

**Production No. 26**

And all documents related to interrogatory No. 6, which states;
    [State the value and cost (to plaintiff and defendant) as of the date of termination/separation from the defendant of the plaintiff's retirement, pension, 401k, medical insurance, dental insurance, life insurance or other benefit received by the plaintiff.]

    Plaintiff is claiming these items as damages in this case and has a right to know the values and cost of each such benefit.  These damages and benefits issues and losses go to the very heart of damages in this case and are certainly admissible at trial.  Although defendant refers to documents in response to requests 1 & 17 [bates 1-143 (plaintiff's employee file) & 211-292 (benefits information], there is nothing in those documents that is responsive to this request.  Regardless, the defendant is required to answer each interrogatory.  There is not any provision in the rules allowing a party responding to interrogatory requests to refer to a required to decipher through multiple pages of documents, speculating as to which page, line or word may or may not be responsive to the interrogatory at issue.  However, upon review there is nothing that responds to this interrogatory.


**Production No. 28.**

And all documents related to interrogatory No. 8, which states;

[State the name, age, dob, department within the company and current job title of all persons performing similar tasks, duties and responsibilities that the plaintiff performed at the time of her termination/separation from the defendant company.]

    Defendant refers the plaintiff to plaintiff's personnel file (bates 1-143).  Plaintiff has no way of knowing, except through speculation, which page or document is responsive to this request.  As one might expect, the plain tiff's employee file contains

many documents, most of which are unrelated to the others.

Regardless, the defendant is required to produce documents responsive to the request, if they exist. There is not any provision in the rules allowing a party responding to production requests to refer to a multi-page package of documents in response to such request. The plaintiff should not be required to decipher through multiple pages of documents, speculating as to which page, line or word may or may not be responsive to the request. Further, upon review of plaintiff's employee file, there is nothing contained in the employee file, which even remotely, pertains to the request at issue. It is incomprehensible that employees assumed the plaintiff's customers, clients and duties without so much as an email, memo or performance review.

**D.    Defendant has further failed to verify its responses**

Parties are required to verify under oath its discovery responses. The defendant has not verified its responses.

**E.    The Material Requested Does Not Constitute an Undue Burden**

Fed. R. Civ. P. 26(c) also allows for the court to protect a party from undue burden. The court has the discretion to determine what constitutes an overly burdensome request. See Fed. R. Civ. P. 26(c). As the Plaintiff is requesting critical evidence related to the Plaintiff's proof of her case in chief and the Defendant's defense.

The Defendants claimed that the requests were irrelevant, were unduly burdensome, overly broad and sought both inadmissible information and protected trade

secrets. The Defendants failed to claim with specificity the grounds for their claims. <u>See</u> <u>Pearson v. Miller</u>, 211 F.3d 57, 72-23 (3d Cir. 2000) (the party seeking the confidentiality has the burden of showing the injury with specificity). The Plaintiff's response further explained that inadmissibility is not an issue during the discovery phase. <u>See</u> F.R.C.P. 26(b)(1) (relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

**F.    <u>The Defendant Should Be Assessed Sanctions For Its Improper Behavior</u>**

It is well settled that the district court possesses "inherent equitable powers" to impose sanctions upon a party for its failure to cooperate with the discovery process, even in the absence of a formal discovery order. <u>Monaghan v. SZS 33 Associates, L.P.</u>, 154 F.R.D. 78, 83 (S.D.N.Y. 1994); <u>see also</u> <u>Mill-Run Tours, Inc. v. Khashoggi</u>, 124 F.R.D. 547, 552 (S.D.N.Y. 1989) ("[S]anctions … may be imposed where discovery obligations are ignored, even if no court order has been violated."). In addition, Fed. R. Civ. P. 37 provides this court with broad discretion to impose sanctions upon a litigant, in the form of expenses, "for his failure to cooperate." <u>Indus. Aircraft Lodge 707 v. United Technologies</u>, 104 F.R.D. 471, 473 (D. Conn. 1985) (internal quotations and citations omitted); <u>Smith v. Conway Organization, Inc.</u>, 154 F.R.D. 73, 78 (S.D.N.Y. 1994).

In the instant case, Plaintiff has requested on several occasions that Defendants provide Plaintiff with necessary material in order to develop the factual basis for certification as well as the merits of his case. However, Defendant has yet to produce some of the most fundamental documentation pertinent to this case. Even after Plaintiff communicated with the Defendants in an attempt to discuss the inadequacies of

Defendant's responses, Defendant has been unwilling to speak to the issues in good faith. It is clear that only the imposition of sanctions and costs will deter Defendants from engaging in this behavior in the future.  See Starbrite Waterproofing Co., Inc. v. AIM Construction & Contracting Corp., 164 F.R.D. 378, 381 (S.D.N.Y. 1996)


## **CONCLUSION**

The purpose of discovery is to allow broad access to each parties' documentation in the interest of fairness and equity.   The Plaintiff seeks the discovery of specific information and materials that are relevant, probative, and material to his claims.   The defendant has not shown that the Plaintiff's requests are unreasonable, unduly burdensome, redundant or harassing.   The Plaintiff respectfully requests that this Court issue an order compelling responses to the plaintiff's discovery.



Plaintiff,
Rita Absher


Michael J. Melly
Fed. Bar No. ct17841
143 Oneco Avenue
New London, CT 06320
Tel: (860) 447-1990
Cell: (860) 989-9613

## <u>CERTIFICATION</u>

I hereby certify that a copy of the foregoing was mailed on *12/31/03*
To:
Timothy Ronan
Pullman & Comley
300 Atlantic Street
Stamford, CT 06901-3522

Michael J. Melly