UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 16 P 2: 40

U.S. DISTRICT COURT
BRIDGEPORT CT

| | | |
|---|---|---|
| RITA ABSHER | : | |
| | : | CIVIL ACTION NO. |
| PLAINTIFF, | : | 3:02 CV171(AHN) |
| | : | |
| w. | : | |
| | : | |
| FLEXI INTERNATIONAL | : | DECEMBER 31, 2003 |
| SOFTWARE, INC. AND JAY BELSKY | : | |
| | : | |
| DEFENDANTS | : | |

## PLAINTIFF'S CERTIFICATION IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Being duly sworn, the undersigned deposes and says:

1.   I am over the age of eighteen and believe in the obligation of an oath.

2.   I, Michael J. Melly, was retained as the sole attorney for the plaintiff on or about the second week of September 2003. Shortly thereafter, on September 23 & 25, 2003 and October 10, 2003,[6] I attempted to communicate with defendant's counsel, Timothy Ronan to discuss depositions and discovery issues. Exhibit 3.

3.   In a second telephone call on October 10, 2003 counsel discussed the case and issues regarding settlement. The merits of discovery disputes were not discussed, however, Attorney Melly expressed his intent to pursue discovery and speak about discovery issues.

4.   I again attempted communication via telephone with Attorney Ronan on November 6, 10 & 20, 2003 in an attempt to discuss discovery and discovery disputes. Messages were left with Attorney Ronan.

---

[6] September 23, 2003 by letter (Exhibit 1) and September 25, 2003 by telephone;

5. The parties [counsel only] attended a status conference on October 23, 2003. On same day, after the status conference, counsel discussed the case and a damage analysis was provided to Attorney Ronan. Discovery issues were not discussed at that time, however, I reiterated his intent and desire to pursue discovery pending talk of settlement.

6. I wrote attorney Ronan on November 21, 2003 requesting that the parties speak regarding discovery objections and other issues, such as depositions, which the plaintiff desired to take. Exhibit 4.

7. On December 1, 2003 I and Ronan spoke, wherein I reiterated plaintiff's desire to discuss defendant's discovery objections and schedule depositions. I also requested that plaintiff be allowed to pick-up discovery that had already been promised by the defendant. I demanded that the parties speak within the week regarding these issues.

8. I reiterated these requests in writing *again* on December 2, 2003. Exhibit 5.

9. On December 2, 2003 Attorney Ronan wrote me [Melly] with all sorts of excuses for his lack of cooperation, none the least of which was a purported and unfounded agreement and court order postponing discovery. Exhibit 6. This could not be farther from the truth, as it was the *first and only* mention of any such agreement in this case.

10. I responded in writing to these dilatory excuses, again expressing my desire to discuss the discovery disputes. Exhibt 7.

11. On December 5, 2003, I called Attorney Ronan to confirm the depositions scheduled for the following week. At this time Attorney Ronan cancelled the depositions. I informed Attorney Ronan that a motion to compel was being prepared regarding all discovery issues.

_____
Michael J. Melly

Subscribed and sworn to before me this 31st day of December 2003.

_____
JACQUELINE B. ZEPPIERI
*NOTARY PUBLIC*
MY COMMISSION EXPIRES DEC. 31, 2007