UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA ABSHER,<br><br>               PLAINTIFF,<br><br>VS.<br><br>FLEXIINTERNATIONAL SOFTWARE,<br>INC. AND JAY BELSKY,<br><br>               DEFENDANTS. | CIVIL ACTION<br>NO. 3:02 CV 171 (AHN)<br><br><br><br><br><br><br>January 20, 2004 |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S
MOTION TO COMPEL DISCOVERY AND REQUEST FOR STAY**

      The Defendants FlexiInternational Software, Inc. and Jay Belsky (the "Defendants") submit this opposition to Plaintiff's Motion to Compel Discovery (the "Motion"). The primary basis for Defendants' objection is that Plaintiff's Motion is premature, given the fact that the parties have not had the opportunity to substantively confer as required by the Federal Rules of Civil Procedure and Local Rule 9(d). Defendants believe that if given the opportunity to confer, the issues raised in the Motion would be eliminated or certainly reduced. Accordingly, Defendants request that the Motion be denied without prejudice to raise issues after compliance with Local Rules or, in the alternative, stay the Motion until such compliance has occurred.

**1.     Applicable Timeline and Recent Events**

The Plaintiff, Rita Absher (the "Plaintiff"), served her first set of interrogatories and requests for production on or about October 3, 2002. Defendants responded on or about December 23, 2002 (the "Response"), asserting certain objections and producing documents marked Bates Nos. F000001 – F000292.

Thereafter, ten months went by without the Plaintiff raising any issues with respect to the Response of the Defendants. The Plaintiff's Certification in support of the Motion acknowledges this delay in a telephone conversation and in a status conference in October, 2003, discovery disputes were not discussed. (See Certification at ¶ 3) According to the Certification, the Plaintiff's current counsel placed three telephone calls to Attorney Timothy Ronan, and wrote a letter in November, 2003. (Id. at ¶4) The Certification attests that counsel spoke on December 1, 2003, and that Mr. Ronan wrote an explanatory statement transmitted by e-mail on December 2, 2003 (Id. at ¶ 9 and Exhibit 6 to Plaintiff's Motion and also attached to this response for the court's convenience.)

In his December e-mail, Mr. Ronan explained that Plaintiff had chosen to raise her dissatisfaction with Defendants' discovery response at a particularly awkward time for Defendants' counsel. The prominent law firm of Cummings & Lockwood, LLC, which

had represented Defendants since the inception of this lawsuit, was undergoing drastic changes, and the former lead counsel for Defendants at Cummings & Lockwood, Attorneys Marc Zaken and Alison Wice, had left the firm. Attorney Ronan, the contact for Defendants, was also in the process of affiliating with a new law firm and transferring the files. Attorney Ronan explained that as of December 1, 2003, he did not have physical control of voluminous files that had been compiled by Cummings & Lockwood, that he was in the process of transferring his practice, including these particular files, that he was very desirous of attempting to resolve any and all discovery disputes as counsel are obligated to do, and that the active participation of his new law firm, Pullman & Comley, LLC, would commence as soon as reasonably possible. The files have since been transferred, Attorney Michael LaVelle, as the employment specialist, has entered his appearance, and Pullman & Comley, as counsel, are now actively engaged in preparing a response to the concerns expressed by Plaintiff in the Motion.

    **2.**    <u>**Rule 33(a)**</u>

Rule 33(a) of the Federal Rules of Civil Procedures states that a party may serve upon any other party written interrogatories not exceeding 25 in number (including all discrete subparts). Every one of plaintiff's 16 interrogatories contains multiple elements, and even allowing that some elements are related rather than discrete, the plaintiff does not get beyond Interrogatory 10 before she has posed at least 25 distinct questions,

rendering at least part of the Motion to Compel moot.

    **3.**    <u>**Rule 33(d)**</u>

Several of the Defendants' interrogatory responses invoke Rule 33(d), FRCP, which allows a party to identify business records from which a response to an interrogatory may be ascertained. It would seem that Plaintiff did not take the opportunity to examine such records. As an example, the first response of which Plaintiff complains, to Interrogatory No. 6 identifies Plaintiff's personnel file, and the 401(k) plan document, as the source of cost information on fringe benefits. Plaintiff's assertion that there is nothing responsive in the documents is incorrect. Plaintiff's COBRA notice, contained in the personnel file, shows health insurance costs. The 401(k) plan states that there is no employer matching contribution. It is precisely this sort of communication that Rule 37((a)(2) was designed to foster prior to filing of a motion to compel.

    **4.**    <u>**Rule 37(a)(2)**</u>

Rule 37(a)(2) of the Federal Rules of Civil Procedure and Local Rule 9(d)(2) require the movant in a motion to compel to certify a good faith conference, or attempt to confer, with the party allegedly failing to make discovery. However, rather than respond to Mr. Ronan's December 2, 2003 statement, which was explicitly a plea to have the required conference as soon as the transition of files was complete, Plaintiff

4

seems to have decided to categorize the statement as "excuses." Plaintiff did not respond to Attorney Ronan other than with the Motion to Compel.

This Motion should be denied as moot until the Plaintiff can decide which 25 discrete questions she wishes to pose as interrogatories, and until the parties arrange and conduct a real conference to resolve any actual discovery issues.

        THE DEFENDANTS,
        FlexiInternational Software, Inc. and Jay Belsky

        By: /s/ Michael N. LaVelle
            Michael N. LaVelle (CT 06170)
            Pullman & Comley, LLC
            850 Main Street
            Bridgeport, CT 06604
            Telephone: (203) 330-2112
            Facsimile: (203) 330-2288

## **CERTIFICATION**

  Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was sent via federal express and by electronic mail on January 20, 2004 to all counsel and pro se parties of record.

  Michael J. Melly, Esq.
  143 Oneco Avenue, #4
  New London, CT  06320
  *mjmelly@aol.com*

            /s/ Michael N. LaVelle
            Michael N. LaVelle (CT 06170)

BPRT/69369.1/MNL/504034v1