# FILED

2004 MAY 17 P 1: 58

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*02CV171(MEMO)*

| | | |
|---|---|---|
| RITA ABSHER | : | CIVIL ACTION NO. |
| | : | 3:02 CV171 (AHN) |
| PLAINTIFF | : | |
| | : | |
| V. | : | |
| | : | |
| FLEXIINTERNATIONAL SOFTWARE, | : | |
| INC. AND JAY BELSKY | : | |
| | : | |
| DEFENDANTS | : | MAY 14, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DISCOVERY

Plaintiff, Rita Absher, hereby submits this memorandum in support of her

Motion to Compel Discovery.

## ARGUMENT

Plaintiff served production requests on the defendant on December 12, 2004.

On January 13, 2004 the Defendant objected to many of the requests, some of which the

parties were able to resolve. However, the following requests are yet unresolved.

**Production No. 9** seeks all internal company documents regarding lay-off or

reduction in force from 1998 through the present...

**Production No. 10** seeks documents showing names, positions, and dates of

termination of all employees terminated from 1998 through the present.

**Production No. 11 seeks** memos, email, correspondence or other document

impeaching the credibility of the plaintiff.

**Production No. 12** seeks memos, email and correspondence to or from the plaintiff during her employment at the defendant company.

**Production No. 13** seeks records showing names and last known addresses of temporary or permanent contractors, vendors and employees hired or contracted from 1998 through the present.

**Production No. 14** seeks records showing dates of employment of temporary or permanent contractors, vendors and employees hired or contracted with from 1998 through the present.

**Production No. 15** records showing job titles of temporary or permanent contractors, vendors and employees hired or contracted from 1998 through the present.

**Production No. 20** seeks a list of clients and customers of the defendant who has been assigned to, responsible for or otherwise working on or with said customer or client from 1998 through the present.

Regarding Nos. 9, 10, 13, 14, 15 & 1 the Defendant has objected to these requests on the grounds of relevance and that it would be too burdensome to retrieve such information from storage. Defendant has offered to allow the plaintiff access to defendant's storage facility located in Florida.[1] Plaintiff claims that the information and

---

[1] Flexiinternational has, since the commencement of this action, relocated its headquarters to Florida and no longer has offices in Connecticut. It is unfair to now place the burden of inspection at such far away location on the plaintiff.

BARTINIK, GIANACOPLOS, BARTINIK, BARTINIK & GRATER, P.C.
P.O. BOX 942 • GROTON, CONNECTICUT 06340-0942 • 860-445-8521 • JURIS NUMBER 01220

documents relevant to these requests are pertinent to the case as the defendant has

asserted business decline, lay-offs and a history of terminations as part of the reason for

plaintiff's termination.  It is now incumbent upon the defendant to provide information

and documentation in this regard.

Counsel for the defendant has alluded to layoffs at the defendant company.

Stefan Bothe has testified that the company was reduced in size over time to its present

size of approximately 50 employees.  Clearly the reduction in the size of the defendant

company has been raised by the defendants.  Plaintiff merely wishes to flesh out and

ascertain the facts and issues in connection with the issues.  Zubulake v. U.B.S.

Warburg, 217 F.R.D. 309, 315; citing, Hickman v. Taylor, 329 U.S. 495, 500-01, 67

S.Ct. 385, 91 L.Ed. 451 (1947).  The discovery requests at issue relate to an important

issue raised by the defendant.  [eg the reduction in business and workforce

of FlexiInternational].  Thus, information regarding layoffs, terminations and reduction

in force has a tendency to make more or less probable the plaintiff's claim that her

termination was related to her protected activity as well as the defendant's claim that the

termination was another in a long line of terminations.   See Fed. R. Evid. 401.

Further, information obtained may be used to draw inferences regarding the workforce

reductions, including reductions at the time plaintiff was discharged, thereby leading to

admissible evidence. Discovery of reduction in force and termination has been allowed,

however, limited to the locality within which the decisions were made.  Nevin v. CSX

Transportation, 2003 WL 22005030 No. 3:01CV1361J25(TEM) (M.D. Florida Feb. 13,

2003). The requested information relative to contractors, vendors and temporary

workers [Nos. 13, 14, 15 & 16] are relevant and proper for these same reasons.

Defendant's claim that disclosure of information and production of materials is

burdensome is not supported by the facts. It has offered to allow plaintiff to inspect the

documents at a storage facility in the state of Florida. The size of the company

[FlexiInternational] and the limited number of terminations at issue does not lend itself

to a meritorious objection on the basis of undue burden. Presently, the defendant is a

relatively small and self contained company with approximately 50-100 employees

over the last several years. As such it does not appear that a large number of employees

have been terminated, laid off, resigned since 1998. The fact that some of the

information or documents are now in storage is unavailing to the defendant as discovery

is not predicated on the information and materials being at FlexiInternational's

fingertips. See, Fidelity Nat. Title Ins. Co., of New York v. Intercounty Nat. Tit. Ins.

Co., No. 00c. 5658, 2002 WL 1433584, at 6 (N.D. Ill. July 2, 2002) (requiring

production of documents kept for no purpose, maintained "chaotically and cluttered in

unorganized stacks" in an offsite warehouse); Dangler v. New York City Off Track

Betting Corp., No. 95 Civ. 8495, 2000 WL 1510090, at 1 (S.D.N.Y. Oct. 11, 2000)

requiring production of documents kept "disorganized" and in "dozens of boxes").

Defendant has not fulfilled its burden of describing how each request is

burdensome.  Davidson v. Goord, 215 F.R.D. 73, 77 (W.D.N.Y. 2003).  Defendant has

not explained the nature and extent of the burden expected in replying to plaintiff's

discovery.   On the other hand, there is great burden placed on the plaintiff by

requiring plaintiff's counsel to travel to the state of Florida merely to inspect

defendant's records.  Such a task for a small bit of information places great burden, time

and expense on the plaintiff while the burden on the defendant would be merely that of

retrieving information from storage.  It is noteworthy that the defendant is and

proclaims to be a leader in the IT [information  technology] industry yet does not store

or have the capability of storing the most basic of information.  Further, the

prejudice to the plaintiff in being prevented from obtaining the sort of information

requested is substantial considering defendant may proceed to trial elaborating on

statements and defenses in which the plaintiff has no knowledge and has been denied

inquiry.

　　Regarding Production No. 20,  Stefan Bothe testified that he was informed of

complaints from customers to which the plaintiff was assigned to and working with.

Statements of this sort open the door in this case to the opinions and complaints, if any,

of customers with whom the plaintiff worked.  It cannot be said that the plaintiff cannot

inquire of the very customers that defendant claims made complaints.  Clearly the

information form these customers may lead to discoverable information.  See Rule

26(b)(1). The plaintiff may discover this information since the information has some

probable effect on the organization and presentation of the case.  <u>Smith v. Schlesinger</u>,

513 F.2d 462, 473 n. 37 (D.C.Cir 1975).  It is highly prejudicial for the defendant

to assert that there were complaints against the plaintiff without providing the most

basic of information within which the plaintiff may inquire, investigate and discover

information.

     Regarding Production Nos. 11 and 12,  defendant [through counsel] has stated

that there is a box of emails of which he knows not which are relevant or not.  Plaintiff

is entitled to these emails since the defendant has not committed to which may be

relevant and the nature.  See, <u>Zubulake v. UBS Warburg LLC</u> et al, 217 F.R.D. 309, 315

(S.D.N.Y. 2003) (defendant required to produce all responsive emails form back-up

computer discs).  Although defendant has offered to copy said emails at plaintiff's

expense, plaintiff has declined at this time as it is the responding party's responsibility

to bear the cost of discovery compliance.  <u>Oppenheimer Fund, Inc. v. Sanders</u>, 437 U.S.

340, 358, 98 S.Ct. 2380, 57 L.Ed. 2d 253 (1978).


## <u>Conclusion</u>

     It is beyond dispute that broad discovery is the cornerstone of the litigation

process contemplated by the federal rules of Civil Procedure. <u>Zubulake v.</u>

<u>UBS Warburg LLC</u> et al, 217 F.R.D. 309, 315 (S.D.N.Y. 2003);     Plaintiff should not

have to carry on trial in this matter in the dark. Id. 315. Plaintiff seeks disclosure of

relevant information so that the ultimate resolution of this case is based on a full and

accurate understanding of the true facts and therefore embody a fair and just result.

United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958).

The plaintiff has a substantial need for the following documents and information

as the issues presented are related to and crucial to the issues in this case. The plaintiff

seeks that the defendant be ordered to respond to plaintiff's discovery requests in a

timely manner.


Plaintiff,
Rita Absher


BY _____

Michael J. Melly
Fed. Bar No. 17841
Bartinik, Gianacoplos, Bartinik,
Bartinik & Grater, P.C.
100 Fort Hill Road
Groton, CT 06340
(860) 445-8521
(860) 445-5873 facsimile

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 5/15/04  to:
Michael LaVelle
Pullman & Comley
850 Main Street
Bridgeport, CT 06604

_____
Michael J. Melly

**UNITED STATES DISTRICT COURT**
**FOR THE**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| RITA ABSHER, | CIVIL ACTION |
| PLAINTIFF, | NO. 3:02 CV 171 (AHN) |
| VS. | |
| FLEXIINTERNATIONAL SOFTWARE, INC., ET AL., | |
| DEFENDANTS. | January 13, 2004 |

**DEFENDANT'S RESPONSES AND OBJECTIONS**
**TO REQUEST FOR PRODUCTION**

Defendant FlexiInternational Software, Inc. ("Defendant"), hereby submits the following responses and objections to Plaintiff's Request For Production dated December 12, 2003.

**GENERAL OBJECTIONS**

1.    Defendant objects to each Request to the extent it seeks information in the possession or control of individuals or entities other than Defendant on the grounds that doing so is unduly burdensome and oppressive and that such information is equally available to Plaintiff.

*Exhibit 1*

2.    Defendant objects to each Request to the extent it seeks information already within Plaintiff's possession, control or knowledge on the grounds that it is unduly burdensome and oppressive and that such information is equally available to Plaintiff.

3.    Defendant objects to each Request to the extent it may require the disclosure of information which is subject to the privilege or that which is protected under the attorney's work product doctrine.

4.    Defendant objects to each Request to the extent it may call for disclosure of confidential or proprietary information or trade secrets, or information which would violate the privacy rights of Defendant, its personnel, and/or other persons or entities not parties to this litigation.

5.    Defendant objects to each Request to the extent it is so vague as to fail to identify with sufficient particularity the documents sought or overly broad in time and scope and unduly burdensome.

6.    Defendant objects to each Request to the extent it seeks information not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

7.     Defendant objects to each Request to the extent it seeks information gathered in anticipation of litigation or that is within the protection of Rule 26(b)(3) of the Federal Rules of Civil Procedure.

All responses below are subject to and without waiver of these general objections.

## REQUESTS FOR PRODUCTION

1.     Memos, emails, correspondence and documents regarding complaints, concerns, issues or problems to management or human resources about Jay Belsky's conduct.

**OBJECTION:**
In addition to the General Objections set forth above, Defendant objects to this request to the extent that the request seeks information which is confidential and the disclosure of such information would violate the privacy of any of its personnel, or seeks information which is subject to the attorney-client privilege and/or the protections afforded pursuant to the attorney's work product doctrine.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

2.     Memos, emails, correspondence and documents regarding response from management or human resources about any incident or item of conduct of Jay Belsky.

**OBJECTION:**
See the specific objection to Request No. 1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

3.      Sales and production records of Jay Belsky for the period which he was employed at the defendant company, and comparisons of his sales and production with other employees during the same period of time.

**OBJECTION:**
See the specific objection to Request No. 1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

4.      Notes, memos or diaries written by any employee regarding the conduct of Jay Belsky.

**OBJECTION:**
See the specific objection to Request No. 1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

5.      Notes, memos, correspondence and separation documents regarding the termination, resignation or separation of employment of Jay Belsky from the defendant.

**OBJECTION:**
See the specific objection to Request No. 1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

　　　6.　　Documents showing bonus', commissions and raises of employees of

defendant company from 1998 through the present.

**OBJECTION:**
See the specific objection to Request No. 1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

　　　7.　　Memos, records and documents regarding stock options offered to

employees of the defendant from 1998 through the present, including any document

showing the name of the employee, the number of shares offered, the price of the stock

offered, and the date of receipt of the offer.

**OBJECTION:**
See the specific objection to Request No. 1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

　　　8.　　Employee file of Jay Belsky, and any other file or records pertaining to Jay

Belsky.

**OBJECTION:**
See the specific objection to Request No. 1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

9.    All internal company documents regarding lay-off or reduction in force at defendant company from 1998 through the present showing all or a portion of the following: dates of reduction, names addresses, and sex of those terminated or laid-off, including filings and submissions to the state or federal government or agencies thereof.

**OBJECTION:**
See the specific objection to Request No. 1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

10.    Documents showing names, positions and dates of termination of all employees terminated from 1998 through the present.

**OBJECTION:**
See the specific objection to Request No. 1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

11.    Memos, email, correspondence or other document impeaching the credibility of the plaintiff

**OBJECTION:**
See the specific objection to Request No. 1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

12.    Memos, email and correspondence to or from the plaintiff during her employment at the defendant company.

**OBJECTION:**
In addition to the General Objections set forth above, Defendant objects to this request because it is impermissibly vague, seeks to impose a substantial and unnecessary burden on Defendant, is not reasonably calculated to lead to the discovery of relevant and admissible evidence and to the extent that the request seeks information which is confidential and the disclosure of such information would violate the privacy of any of its personnel, or seeks information which is subject to the attorney-client privilege and/or the protections afforded pursuant to the attorney's work product doctrine.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

13.    Records showing the names and last known addresses of temporary or permanent contractors, vendors, and employees hired or contracted with from 1998 through the present.

**OBJECTION:**
In addition to the General Objections set forth above, Defendant objects to this request because it seeks to impose a substantial and unnecessary burden on Defendant, is not reasonably calculated to lead to the discovery of relevant and admissible evidence and to the extent that the request seeks information which is confidential and the disclosure of such information would violate the privacy of any of its personnel, or seeks information which is subject to the attorney-client privilege and/or the protections afforded pursuant to the attorney's work product doctrine.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

14.    Records showing dates of employment of temporary or permanent contractors, vendors, and employees hired or contracted with from 1998 through the present.

**OBJECTION:**
See the specific objection to Request No. 13.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

15.    Records showing job titles of temporary or permanent contractors, vendors, and employees hired or contracted with from 1998 through the present.

**OBJECTION:**
See the specific objection to Request No. 13.

**RESPONSE:**

Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

16.    Records showing Name and address of employment agencies, recruiting agencies, vendors and contractors providing services to the defendant company from 1998 through the present.

**OBJECTION:**
See the specific objection to Request No. 13.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

17.    Records showing Names and last known addresses of persons assigned to the clients, customers and accounts that were handled by plaintiff while employed at the defendant company.

**OBJECTION:**
See the specific objection to Request No. 12.  Furthermore, Defendant does not understand what is meant by the phrase "persons assigned to clients, customers and accounts" as used above.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

18.    Offer letters, memos and documents related to job offers from employers of Jay Belsky subsequent to his employment at the defendant company.

**OBJECTION:**
See the specific objection to Request No. 13.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

19. Memos, records and documents regarding stock options purchased, traded or sold by employees of the defendant from 1998 through the present, including any document showing the name of the employee, the number of shares, the price of the stock, and date of purchase, trade or sale.

**OBJECTION:**
In addition to the General Objections set forth above, Defendant objects to this request because it is impermissibly vague, seeks to impose a substantial and unnecessary burden on Defendant, is not reasonably calculated to lead to the discovery of relevant and admissible evidence and to the extent that the request seeks information which is confidential and the disclosure of such information would violate the privacy of any of its personnel, or seeks information which is subject to the attorney-client privilege and/or the protections afforded pursuant to the attorney's work product doctrine.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

20. A list of clients and customers of the defendant and the corresponding name and address of the employee of the defendant who has been assigned to, responsible or otherwise working on or with said customer or client from 1998 through the present.

**OBJECTION:**
In addition to the General Objections set forth above, Defendant objects to this request because it is impermissibly vague, seeks to impose a substantial and unnecessary burden on Defendant, is not reasonably calculated to lead to the discovery of relevant and admissible evidence and to the extent that the request seeks information which is confidential and the disclosure of such information would violate the privacy of any of its personnel, or seeks information which is subject to the attorney-client privilege and/or the protections afforded pursuant to the attorney's work product doctrine.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

21.    Memos, emails, correspondence and documents regarding complaints, concerns, issues or problems raised to management or human resources by Jay Belsky regarding the conduct of another employee.

**OBJECTION:**
See the specific objection to Request No.1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

22.    Medical records from medical providers in the last 10 years related to defendant, Belsky's, eyes, ears, balance, neurological or other medical issue related to depth perception.

**OBJECTION:**
See the specific objection to Request No.1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

23.    Organization, incorporation, tax, accounting and advertising documents from the mail order business engaged in by Belsky.

**OBJECTION:**
See the specific objection to Request No.1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

24.    Documents showing the names and addresses of all persons with knowledge of issues related to this case.

**OBJECTION:**
See the specific objection to Request No.1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

25.    Information and persons having information regarding the issues in this case as required by Fed. R. Civ. P. 26.

**OBJECTION:**
See the specific objection to Request No.1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above and to the extent not already disclosed, Defendant agrees to produce the responsive, unobjectionable information, if any, for inspection and copying at a mutually convenient time and place.  Defendant will not, however, be producing any "persons."

26.    Memos, emails or other documents regarding conversations of plaintiff with coworkers regarding visiting, moving or starting a business in Mexico.

**OBJECTION:**
See the specific objection to Request No.1.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

27.    Pension plan(s) in place at the defendant company from 1998 through the present.

**OBJECTION:**
See the specific objection to Request No.13.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

28.    Annual report, balance sheet and income statements for the defendant company from 1998 through the present.

**OBJECTION:**
In addition to the General Objections set forth above, Defendant objects to this request

because it seeks to impose a substantial and unnecessary burden on Defendant and is not reasonably calculated to lead to the discovery of relevant and admissible evidence.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

29.    Contract, agreement joint venture or other document regarding an alliance, partnership or any relationship between defendant company and Microsoft, or affiliate, or subsidiary of Microsoft.

**OBJECTION:**
See the specific objection to Request No.13.

**RESPONSE:**
Subject to the General Objections and the specific objection set forth above, Defendant agrees to produce the responsive, unobjectionable documents, if any, for inspection and copying at a mutually convenient time and place.

THE DEFENDANT,
FlexiInternational Software, Inc.

By:   _Timothy G. Ronan_
      Timothy G. Ronan (CT 06310)
      Michael N. LaVelle (CT 06170)
      Pullman & Comley, LLC
      300 Atlantic Street
      Stamford, CT  06901-3522
      Telephone:  (203) 324-5000
      Facsimile:   (203) 363-8659

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was sent via federal express and by electronic mail on January 13, 2004 to all counsel and pro se parties of record.

Michael J. Melly, Esq.
143 Oneco Avenue, #4
New London, CT  06320
*mjmelly@aol.com*


Timothy G. Ronan (CT 06310)


STFD/69369.1/TRONAN/310888v1