

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA ABSHER,<br><br>          PLAINTIFF,<br><br>VS.<br><br>FLEXIINTERNATIONAL SOFTWARE,<br>INC. AND JAY BELSKY,<br><br>          DEFENDANTS. | CIVIL ACTION<br>NO. 3:02 CV 171 (AHN)<br><br><br><br><br>May 20, 2004 |

## DEFENDANTS' MOTION TO COMPEL
## AND RESPONSE TO PLAINTIFF'S OBJECTIONS TO INTERROGATORIES

The Defendants FlexiInternational Software, Inc. and Jay Belsky hereby respond the Plaintiff's Objection to the Defendant's Interrogatories dated April 13, 2004, and move to compel a response from the Plaintiff to these interrogatories.

### Background

The Plaintiff was employed with FlexiInternational Software, LLC in Shelton, Connecticut, and was terminated from employment on April 25, 2001. She has had no subsequent employment. In August, 2002, the Plaintiff relocated to Mexico, to live with her "fiancé", and has resided in Mexico since then. The damage analysis submitted by the Plaintiff in this matter, dated October 29, 2003, (copy attached) claims as back pay

and future lost wages the entire amount of her salary with Flexiinternational, without mitigation for subsequent employment.

In her deposition of January 17, 2003, the Plaintiff testified that her fiancé, Mr. Burak Gunbay, was paying most of her bills, and that she runs his business for him. In her deposition of July 4, 2003, the Plaintiff testified that Mr. Gunbay paid all her expenses in 2001 and 2002, stating that whatever bills she had, he was paying for her.

The Defendants served a Second Set of Interrogatories dated July 3, 2003, consisting of 18 interrogatories. Interrogatory No. 15 asked the Plaintiff to identify all services provided by her to Albatros Charters, Mr. Gunbay's business in Mexico. In her Supplemental and Amended Responses dated August 27, 2003, the Plaintiff gave the response to Interrogatory No. 15 that her responsibilities included sales, scheduling and communications with customers, purchasing equipment, supplies and perishables, marketing, administrative, collections, accounts payable, hiring, firing, managing and supervising employees, price shopping, equipment research, cleaning and maintenance, and as dive master, responsibility for instructions, guidance and safety during a dive.

It is well settled that "a prevailing plaintiff in a Title VII case must attempt to mitigate her damages by using reasonable diligence in finding other suitable employment." Ford Motor Co. v. EEOC, 458 U.S. 219, 231 (1982); Dailey v. Societe

2

Generale, 108 F. 3d 451, 455 (2d Cir. 1997).   Defendants also believed that the

Plaintiff's relocation to Mexico and involvement with a business in Mexico might

reasonably lead to discovery relevant to her employment intentions even prior to her

termination.  In any case, given the Plaintiff's duty to mitigate, and given her disclosure

that Mr. Gunbay paid all her expenses and that she performed extensive responsibilities

for the business known as Albatros Charters, the Defendants included in their Second

Set of Interrogatories, the following:

> **No. 4.**        Apart from the compensation received from any employment
> since April 25, 2001, state whether Plaintiff has received any other compensation
> or income in any form from any source since that date and, if so the source and
> amount of compensation or income, including without limitation monies paid to
> Plaintiff or on Plaintiff's behalf by Plaintiff's father and/or by Mr. Burak Gunbay,
> not disclosed and/or available at the time of Plaintiff's November 13, 2002
> response to defendant's first set of interrogatories.

However, the Plaintiff responded with an objection that this interrogatory

was irrelevant, immaterial and not likely to lead to admissible evidence; vague

and over broad.  Without waiving the objection, the Plaintiff disclosed that she

managed two condo units in Cozumel, Mexico, earning $150 per month per unit.

She disclosed nothing about compensation or income in any form related to her

responsibilities to Albatros Charters.

3

**Defendant's Third Set of Interrogatories**

It seemed plausible to the Defendants to assume that since the Plaintiff was living in Mexico, she was obtaining the basic necessities of life, such as housing, food, clothing, household needs, and so on, through some means. Since the Plaintiff already disclosed that Mr. Gunbay paid all her expenses, and that she undertook extensive responsibilities for Albatros Charters, it further seemed to the Defendants that the Plaintiff was being compensated, whether in cash or in kind, and that such compensation would mitigate her damage claims.

Therefore, in an effort to resolve this discovery dispute, Defendants' counsel wrote a letter to Plaintiff's counsel dated April 13, 2004 (copy attached) setting forth the Defendant's position with respect to this item of discovery. So that there would be no confusion as to nature of the information sought by the Defendants, the Defendants enclosed with the letter to counsel a Third Set of Interrogatories (copy attached), with nine (9) questions, which expanded upon and delineated the information sought in Interrogatory No. 4 of the Defendant's Second Set of Interrogatories. However, on May 13, 2004, the Plaintiffs served objections to Defendant's Third Set of Interrogatories (copy attached).

The Plaintiff made the same objection to each of the nine interrogatories: "Objection: The information requested is irrelevant and immaterial to Plaintiff's cause of

4

action and not reasonably calculated to lead to admissible evidence.  The Defendants'
request for interrogatories exceeds the number (25) allowed by the federal rules."

**Argument for Motion to Compel**

As to the issue of the number of interrogatories, the Defendants' First Set of
Interrogatories was dated on September 13, 2002, and were comprised of nine (9)
questions.  The Defendants Second Set of Interrogatories was dated July 3, 2003, and
consisted of 18 questions.  The Plaintiff responded to the Second Set of Interrogatories
on August 18, 2003, and supplemented and amended her responses on August 27,
2003, without any mention of a concern that the number of interrogatories was
excessive.

As described above, however, the Plaintiff did not respond to Interrogatory No. 4.
If the Plaintiff had so responded, the Defendants would have served no further
interrogatories.  However, because the Plaintiff did not respond to Interrogatory No. 4,
the Defendants attempted, not to open discovery on new topics, but rather to break
down Interrogatory No. 4 into specific questions for the purposes of clarity.

To the extent necessary, the Defendants therefore request leave of court
pursuant to Local Rule 33(a), Federal Rules of Civil Procedure, for permission to
exceed 25 interrogatories.

As to the objection on the grounds of relevance, mitigation of damages is clearly relevant and applicable to the Plaintiff's causes of action. If the Plaintiff is devoting time and effort to a business, as she has already admitted, and if the Plaintiff is receiving compensation in the form of room and board and payment of expenses, as she seems to have admitted, then the questions in the Defendants' Third Set of Interrogatories are directly relevant to the issue of mitigation.

The Defendants are cognizant of Local Rule 37(a)(2)(A), which require requires a party moving to compel to attempt to confer in good faith with the other party. The Defendants certify that this effort has been made in the form of the attached correspondence and revised interrogatories. If the Plaintiff now persists in objecting that discovery related to mitigation of damages is not relevant in a lawsuit, the Defendants seem to have no choice but to move for an order compelling responses, or

in the alternative precluding the Plaintiff from presenting a claim of back pay or future lost wages.

THE DEFENDANTS,
FlexiInternational Software, Inc. and
Jay Belsky

By:  _____
Michael N. LaVelle (CT 06170)
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT  06604
Telephone:  (203) 330-2112
Facsimile:  (203) 330-2288

7

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was sent via United States mail on May 20, 2004 to all counsel and pro se parties of record.


Michael J. Melly, Esq.
Bartinik, Gianacoplos, Bartinik,
Bartinik & Grater, P.C.
100 Fort Hill Road
Groton, CT  06340
(860) 445-8521
(860) 445-5873 facsimile


_____
Michael N. LaVelle


BPRT/69369.1/MNL/517504v1

8

## DAMAGE ANALYSIS
### Rita Absher
### October 29, 2003

**Lost Wages**

2001.................................................................................$50,480.50[1]
    Bonus...........................................................................$11,250.00[2]

2002.................................................................................$78,375.00[3]
    Bonus...........................................................................$11,756.25[4]

2003.................................................................................$70,876.62[5]
    Bonus...........................................................................$12,285.28[6]

**Future lost wages**

2004.................................................................................$89,273.03[7]
2005.................................................................................$93,290.31[8]
2006.................................................................................$97,488.37[9]
2007................................................................................$101,875.34[10]
2008................................................................................$106,459.73[11]

2004-2028[12].......................................................................$3,908,930.50[13]

**Future bonus'**
2004-2008..........................................................................$73,258.01[14]
2004-2028.........................................................................$320,952.94[15]

---

[1] $75,000 (sal.) + 52 wks ≈ $1442.30; $1442.30 x 35 wks (4/25/01-12/31/01)=$50,480.50;
[2] $75,000 x .15 = $11,250.00;
[3] $75,000 + $3375(raise .045x$75,000=$3375)=$78,375;
[4] $78,375 x .15 = $11,756.25;
[5] 1/03-10/31/03(45wks); raise ($78,375+ $3526.87($78375 x .045(4.5%annual raise)=$3526.87)= $81,901.87; $81,901.87÷52=$1575.03per wk); $1575.03 x 45wks = $70,876.62;
[6] $81,901.87x 15%=$12,285.28;
[7] $81,901.87 (2003 anticipated salary) + .045 [annual raise $3685.58($81901.87x.045)]=$89,273.03;
[8] $ 89,273.03 (2004 anticipated salary) + .045 [annual raise $4017.28($89273.03x.045)]=$93290.31;
[9] $93290.32 (2005 anticipated salary) + .045 [annual bonus $4198.06($93290.03x.045)]=$97488.37;
[10] $97488.37 (2006 anticipated salary) + .045 [annual raise $4386.97($97488.37x.045)=$101875.34;
[11] $101,875.34 (2007 anticipated salary)+ .045 [annual raise $4584.34($101875.34x.045)]=$106,459.73;
[12] Ms. Absher dob 1/14/63; She will reach age 65 on 1/14/2028;
[13] $81901.87(2003 anticipated salary) x 47.727 (future value of an annuity factor for 25 @ 5% interest)=$3,908,930.50; Ms. Absher has 25 years until age 65; Note this does not include the annual 4.5% salary increase. The annual 4.5% salary increase will be claimed at trial;
[14] $488,386.78 (2004-2008 anticipated salary) x 15%= $73,258.01;
[15] $2,047,546.70 (salary 2004-2008; $81901.87 x 25yrs= $2,047,546.70); raises ($2047,546.70 x .045=$92139.60)=$2,139,686.30; Bonus ($2,139,686.30 x 15%= $320,952.94;

# PULLMAN & COMLEY, LLC
*Attorneys At Law*

ELIZABETH J. AUSTIN
RAYMOND E. BALDWIN, JR.
MORRIS W. BANKS
COLLIN P. BARON
DEBORAH S. BRECK
CHARLES E. MAXWELL, JR.
FRANK B. CLEARY
SHEILA ANNE DENTON
JAMES G. DOWLING, JR.
GEOFFREY K. FAY
ANDREW C. GLASSMAN
LAWRENCE J. GOLDEN
IRVE J. GOLDMAN
BARRY D. GREENE
NANCY A. D. HANCOCK
WILLIAM O'C. HARNISCH
JOSHUA A. HAWKS-LADDS
DAVID O. JACKSON
GEORGE J. KASPER
JOHN J. KINDL
MICHAEL A. KURS
NANCY DeFONCE LAPERA

MICHAEL N. LAV
JOSEPH M. LODA
MATTHEW B. LUNDY
LISA A. MAGLIOCCHETTI
STEPHEN MARCOVICH
THOMAS E MAXWELL, JR.
EDWARD R McCREERY, III
ANDREW J. McDONALD
ROBERT B. MITCHELL
HERBERT H. MOORIN
D. ROBERT MORRIS
ALAN S. PARKER
MARIE V. PHELAN
ELLIOTT B. POLLACK
MICHAEL G. PROCTOR
LEWIS RABINOVITZ
RICHARD C. ROBINSON
TIMOTHY G. RONAN
THOMAS A. ROUSE
GREGORY F. SERVODIDIO
RONALD CASE SHARP
MARGARET M. SHEAHAN

JAMES T. SHEARIN
H. WILLIAM SHURE
JOHN F. STAFSTROM, JR.
JAMES B. STEWART
GROVE W. STODDARD
MARSHALL J. TOUPONSE
JAMES W. VENMAN
WILLIAM J. WENZEL
BARRIE K. WETSTONE
JAMES B WHITE, JR.
DIANE W. WHITNEY
MARJORIE WILDER

SAMUEL A. GILLILAND
(1930-1994)

LAURA A. BELLOTTI
CHRISTIAN G. BELTZ
ALLISON M. BOOGSIAN
KATHERINE E. CAULFIELD
ADAM J. COHEN
AMY A. D'ADDETTA
JARON C. DAVIS

JOSHUA A. DOLGER
ERIC J. GEORGE
DARYL L. GORDON
JESSICA GROSSARTH
MATTHEW M. HAUSMAN
LEE D. HOFFMAN
TRACY WHEELER LENNON
NORMA R. MANDULAK
JULIE A. MORGAN
PETER S. OLSON
JACLYN C. PETROZELLI
GERALD C. PIA, JR.
MARY BETH KASPER RAPICE
BRIAN C. ROCHE
AMANDA BALOG SANDERS
JESSICA A. SLIPPEN
LORI L. UNDERBERGER
GWEN R WEISBERG
MICHAEL L. WOLF
AIMEE J. WOOD

Reply to:    Bridgeport
Telephone:   (203) 330-2112
E-mail:      mlavelle@pullcom.com

April 13, 2004

Michael J. Melly, Esq.
143 Oneco Avenue, No. 4
New London, CT 06320

Re:    Rita Absher v. FlexiInternational Software, Inc., et al
       Defendants' Second Set of Interrogatories

Dear Mike:

The defendants served a Second Set of Interrogatories dated July 3, 2003. Interrogatory No. 15 asks the plaintiff to identify all services provided by her to Albatros Charters, and in her supplemental and amended responses dated August 27, 2003, the plaintiff gave the response that her responsibilities include sales, scheduling and communications with customers, purchasing equipment, supplies and perishables, marketing, administrative, collections, accounts payable, hiring, firing, managing and supervising employees, price shopping, equipment research, cleaning and maintenance, and as dive master, responsibility for instructions, guidance and safety during a dive.

In her deposition of January 17, 2003, the plaintiff testified that her "fiancée" is paying most of her bills, and she runs his business for him. In her deposition of July 4, 2003, the plaintiff testified that Mr. Burak Gunbay paid all her expenses in 2001 and 2002, saying that whatever bills she had, he was paying for her.

However, in Interrogatory No. 4, when asked to state whether the plaintiff had received any compensation or income in any form, including monies paid to the plaintiff or on her behalf by Mr. Gunbay, the plaintiff objected that the interrogatory was irrelevant, immaterial and not likely to lead to admissible evidence.

I know you realize that if your client has been running a business in Mexico since August, 2002 (if not before), and if in consideration she receives all expenses and bills paid for her, including room and board, then this information is directly relevant to the issue of mitigation of damages.

In an effort to simplify the process of extracting this information, I am including another set of interrogatories which are directly solely to your client's work efforts on behalf of Mr. Gunbay, and the recompense that she receives for them. I look forward to a properly responsive

850 MAIN STREET  P.O. BOX 7006  BRIDGEPORT, CT 06601-7006  (203) 330-2000  FAX (203) 576-8888
90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702  (860) 424-4300  FAX (860) 424-4370
ONE CENTURY TOWER  265 CHURCH STREET  NEW HAVEN, CT 06510-7000  (203) 773-3006  FAX (203) 776-7075
300 ATLANTIC STREET  STAMFORD, CT 06901-3522  (203) 324-5000  FAX (203) 363-8659
253 POST ROAD WEST  P.O. BOX 3180  WESTPORT, CT 06880-8180  (203) 254-5000  FAX (203) 254-5070
*www.pullcom.com*

**PULLMAN & COMLEY**, LLC
Page 2

answer which I hope will resolve the issues concerning mitigation.  Another evasive answer will necessitate a motion to compel.

Sincerely,

Michael N. LaVelle

MNL/pm
Enclosure

BPRT/69369.1/MNL/513374v1

**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT**

RITA ABSHER,

                PLAINTIFF,

VS.

FLEXIINTERNATIONAL SOFTWARE,
INC. AND JAY BELSKY,

                DEFENDANTS.

CIVIL ACTION
NO. 3:02 CV 171 (AHN)

April *13*, 2004

## DEFENDANTS' THIRD SET OF INTERROGATORIES

In accordance with the Federal Rules of Civil Procedure and Local Rules, Defendants FlexiInternational Software, Inc. and Jay Belsky, by their attorneys, Pullman & Comley, LLC, hereby serve the following interrogatories on Plaintiff Rita Absher. Responses shall be produced within thirty (30) days of the date hereof at the offices of Michael N. LaVelle, Pullman & Comley, LLC, 850 Main Street, 8th floor, Bridgeport, Connecticut 06604.

## DEFINITIONS

1.    The phrases "related" and "relating" shall be construed to include referred to, summarized, reflect, pertain, mention, show, discuss, describe, underline, or comment upon.

2.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, wherever necessary to bring within the scope of the specification all documents, which might otherwise be construed to be outside its scope.

3.      Each paragraph herein should be construed independently and not be referenced to any other paragraph for the purpose of limitation.

4.      The term "Plaintiff" refers to Plaintiff Rita Absher.

5.      The term "Defendants" collectively refers to Defendants FlexiInternational Software, Inc. ("Flexi") and Jay Belsky.

6.      As used herein, "you," "your," and "Plaintiff" shall mean Rita Absher, and include her employees, agents, and all other persons acting or purporting to act on her behalf.

7.      "Amended Complaint" shall mean the amended complaint dated May 6, 2003 and filed by the Plaintiff Rita Absher, in the case Rita Absher v. Flexi International Software, Inc., et al, Civil Action No. 3:02CV171 (AHN), currently pending in the United States District Court for the District of Connecticut.

8.      "Each" shall be construed to include "every" and "every" shall be construed to include "each." "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

9.      Per D. Conn. L. Civ. R. 26(c) and (d), the following definitions and rules of

2

construction apply to these discovery requests:

(a)    *Communication.*  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

(b)    *Document.*  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

(c)    *Identify (With Respect to Persons).*  When referring to a person, to "identify" means to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(d)    *Identify (With Respect to Documents).*    When referring to documents, to "identify" means to provide, to the extent known, information about the (i) type of document; (ii_ its general subject matter; (iii) the date of the document; and (iv) author(s), addressee(s) and recipient(s).

(e)    *Parties.*  The terms "plaintiff" and "defendant" as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.  This definition is not intend to impose a discovery obligation on any person who is not a party to the litigation.

(f)    *Person.*  The term "person" is defined as any natural person or any business, legal or governmental entity or association.

(g)    *Concerning.*  The term "concerning" means relating to, referring to, describing, evidencing or constituting.

(h)    *All/East.*  The terms "all" and "each" shall both be construed as all and each.

(i)    *And/Or.*  The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery

3

request all response that might otherwise be construed to be outside its scope.

(j)    *Number.*  The use of the singular form of any word includes the plural and vice versa.

10.    These Requests are continuing and non-privileged, and in the event Plaintiff learns that her responses to any Requests herein are in some material respect incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Defendants, Plaintiff shall promptly amend such prior responses.

## INSTRUCTIONS

1.    If you are unable to produce any file or documents called for by this request, state the reasons why you were unable to produce such file or document.

2.    If any file demanded herein or any document formerly contained therein as hereinafter described is no longer in your possession, custody or control, identify the file or document, the reason for loss of possession, custody or control thereof, the current location thereof, and the individual or entity currently in possession, custody or control thereof.

3.    For each document requested herein which is sought to be withheld under a claim of privilege, provide a statement that sets forth the following information:

(a)    the privilege or privileges asserted;

(b)    the place, approximate date, and manner of recording or otherwise preparing the document;

4

(c)     the name and title of the sender and the name and title of the recipient of the document;

(d)     the name and title of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

(e)     the name, if any, of each person to whom the contents of the document has heretofore been communicated by copy, exhibition, reading, or substantial summarization;

(f)     a statement of the basis on which the privilege is claimed, the subject matter of the document, and whether or not the contents of the document are limited to communications made in confidence for the purpose of obtaining legal advice;

(g)     the identity, if any, of the person or persons supplying the information requested in subparts (a) through (e) above.

4.     Each paragraph herein should be construed independently and not be referenced to any other paragraph for the purpose of limitation.

5.     All requests contained herein relate to documents generated or used during the period of June 1, 1998 to the present, unless otherwise indicated.

## INTERROGATORIES

1.     What was the sales price of the house owned by the plaintiff and Mr. Burak Gunbay and sold in August, 2002?

5

2.     Did the plaintiff receive any part of the proceeds of the sale described in the preceding interrogatory, and if so, state the amount of money or other form of value received by the plaintiff?

3.     What was the total amount of bills or other expenses incurred by the plaintiff and paid on her behalf by Mr. Burak Gunbay, as the plaintiff testified on pages 9 through 11 of her deposition of August 16, 2002 and pages 292 and 293 of her deposition of July 4, 2003?  In answering this interrogatory, please specify these total amounts for the years 2001, 2002, 2003, and 2004 to date.

4.     State the address of each residence occupied by the plaintiff since August 16, 2002 and to date, and identify the owner of the residence, the amount if any paid by the plaintiff in consideration of her occupation of the residence, and the fair market value of the plaintiff's occupation of each such residence.

6

5.      With respect to the response to interrogatory No. 15 in the plaintiff's supplemental and amended responses to defendant's second request for interrogatories dated August 27, 2003, please state the approximate amount of time spent on a weekly and monthly basis by the plaintiff in the activities described in said response, for the years 2001, 2002, 2003 and 2004 to date.

6.      For the period 2001 to the present, please state the plaintiff's total approximate expenditures, on a monthly basis, for ordinary living expenses, such as occupancy costs, clothing, food, transportation, medical care, and personal care products.

7.      For the expenses identified in the preceding interrogatory, please describe the source from which the plaintiff met said expenses, whether in funds or in kind.

7

8.     Did the plaintiff file a federal and/or state income tax return in the United States for the years 2002 and/or 2003.

9.     If the answer to the preceding interrogatory is yes, please state the amount of the gross income reported by the plaintiff in 2002 and/or 2003.

THE DEFENDANTS,
**FlexiInternational Software, Inc. and Jay Belsky**

By:     _Michael LaVelle_
Michael N. LaVelle (CT 06170)
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT  06604
Telephone:  (203) 330-2112
Facsimile:  (203) 330-2288

8

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RITA ABSHER | : | CIVIL ACTION NO. |
| | : | 3:02 CV171 (AHN) |
| PLAINTIFF | : | |
| | : | |
| V. | : | |
| | : | |
| FLEXIINTERNATIONAL SOFTWARE, | : | |
| INC. AND JAY BELSKY | : | |
| | : | |
| DEFENDANTS | : | MAY 13, 2004 |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S INTERROGATORIES
DATED APRIL 13, 2004**

Plaintiff, Rita Absher, objects to Defendant's Request for Interrogatories dated April 13,

2004 in the following manner:

1.    What was the sales price of the house owned by the plaintiff and Mr. Burak

Gunbay and sold in August, 2002?

**Objection**:  The information requested is irrelevant and immaterial to plaintiff's cause of

action and not reasonably calculated to lead to admissible evidence.  The defendant's

request for interrogatories exceeds the number (25) allowed by the federal rules.

2.      Did the plaintiff receive any part of the proceeds of the sale described in the preceding interrogatory, and if so, state the amount of money or other form of value received by the plaintiff?

**Objection:**

The information requested is irrelevant and immaterial to plaintiff's cause of action and not reasonably calculated to lead to admissible evidence. The defendant's request for interrogatories exceeds the number (25) allowed by the federal rules.

3.      What was the total amount of bills or other expenses incurred by the plaintiff and paid on her behalf by Mr. Burak Gunbay, as the plaintiff testified on pages 9 through 11 of her deposition of August 16, 2002 and pages 292 and 293 of her deposition of July 4, 2003? In answering this interrogatory, please specify these total amounts for the years 2001, 2002, 2003, and 2004 to date.

**Objection:**

The information requested is irrelevant and immaterial to plaintiff's cause of action and not reasonably calculated to lead to admissible evidence. The defendant's request for interrogatories exceeds the number (25) allowed by the federal rules.

6

4.     State the address of each residence occupied by the plaintiff since August 16, 2002 and to date, and identify the owner of the residence, the amount if any paid by the plaintiff in consideration of her occupation of the residence, and the fair market value of the plaintiffs occupation of each such residence

**Objection:**

The information requested is irrelevant and immaterial to plaintiff's cause of action and not reasonably calculated to lead to admissible evidence. The defendant's request for interrogatories exceeds the number (25) allowed by the federal rules.

5.     With respect to the response to interrogatory No. 15 in the plaintiff's supplemental and amended responses to defendant's second request for interrogatories dated August 27, 2003, please state the approximate amount of time spent on a weekly and monthly basis by the plaintiff in the activities described in said response, for the years 2001, 2002, 2003 and 2004 to date.

**Objection:**

The information requested is irrelevant and immaterial to plaintiff's cause of action and not reasonably calculated to lead to admissible evidence. The defendant's request for interrogatories exceeds the number (25) allowed by the federal rules.

6.      For the period 2001 to the present, please state the plaintiff's total approximate expenditures, on a monthly basis, for ordinary living expenses, such as occupancy costs, clothing, food, transportation, medical care, and personal care products.

**Objection:**

The information requested is irrelevant and immaterial to plaintiff's cause of action and not reasonably calculated to lead to admissible evidence. The defendant's request for interrogatories exceeds the number (25) allowed by the federal rules.

7.      For the expenses identified in the preceding interrogatory, please describe the source from which the plaintiff met said expenses, whether in funds or in kind.

**Objection:**

The information requested is irrelevant and immaterial to plaintiff's cause of action and not reasonably calculated to lead to admissible evidence. The defendant's request for interrogatories exceeds the number (25) allowed by the federal rules.

8. Did the plaintiff file a federal and/or state income tax return in the United States for the years 2002 and/or2003.

**Objection:**

The information requested is irrelevant and immaterial to plaintiff's cause of action and not reasonably calculated to lead to admissible evidence. The defendant's request for interrogatories exceeds the number (25) allowed by the federal rules.

9. If the answer to the preceding interrogatory is yes, please state the amount of the gross income reported by the plaintiff in 2002 and/or 2003.

**Objection:**

The information requested is irrelevant and immaterial to plaintiff's cause of action and not reasonably calculated to lead to admissible evidence. The defendant's request for interrogatories exceeds the number (25) allowed by the federal rules.

Plaintiff,
Rita Absher

BY _____

Michael J. Melly
Bartinik, Gianacoplos, Bartinik,
Bartinik & Grater, P.C.
100 Fort Hill Road
Groton, CT 06340
(860) 445-8521
(860) 445-5873 facsimile

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on 5/13/04 to:
Michael LaVelle
Pullman & Comley
850 Main Street
Bridgeport, CT 06604

_____
Michael J. Melly