FILED

2004 MAY 21  P 12: 28

U.S. DISTRICT COURT
BRIDGEPORT, CONN

## UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA ABSHER,<br><br>              PLAINTIFF,<br><br>VS.<br><br>FLEXIINTERNATIONAL SOFTWARE,<br>INC. AND JAY BELSKY,<br><br>           DEFENDANTS. | CIVIL ACTION<br>NO. 3:02 CV 171 (AHN)<br><br><br><br><br><br>May 20, 2004 |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION
### TO COMPEL DISCOVERY DATED  MAY 14, 2004

By date of May 14, 2004, the Plaintiff moved to compel discovery in the form of responses to certain requests for production of documents served by the Plaintiff on December 12, 2003.   In her memorandum in support of the Motion to Compel Discovery, the Plaintiff referenced only the Defendant's responses and objections dated January 13, 2004.

It is important for the Court to know that on April 14, 2004, the Defendants served a supplemental response to the Plaintiff's request for production, (copy attached) which addressed the requests for which the Plaintiff now seeks to compel discovery.   The Defendants respond as follows to each issue raised in the Motion to Compel:

**Request for Production No. 9**:

9.     All internal company documents regarding layoff or reduction in force at Defendant company from 1998 through the present showing all or a portion of the following: dates of reduction, names, addresses, and sex of those terminated or laid off, including filings and submissions to the state or federal government or agencies thereof.

> **Supplemental Response**:
>
> The payroll records produced in response to Production Request No. 6 showed terminations of employees. Further information would be contained in inactive personnel records, which are maintained in storage in Florida, or for employees prior to 2003, in Connecticut. The burden of examining storage documents and retrieving documents pertinent to this request is substantially the same for the Plaintiff as for the Defendant. The Defendant will make access to storage facilities available upon reasonable notice.

As the supplemental response indicates, the Defendants did not merely produce for inspection and copying, but at their own expense copied and shipped to Plaintiff's counsel over 300 pages of payroll records showing the names, addresses, and sex of every employee of FlexiInternational terminated or laid off from 1998 through 2003. As

2

required by Rule 34(a), FRCP, payroll records are the form in which this information is kept in the usual course of business.

These payroll records do not contain more particularized information, such as whether a specific employee was laid off, terminated, or quit without replacement. Documents with such information may not exist, but if they do, they would be part of an employee's individual personnel record. In the period from 1998 to the end of 2001, the complement of employees at FlexiInternational declined from over 200 to approximately 30. The personnel records for ex-employees up to 2003 are maintained in storage in Connecticut. All of this has been explained to Plaintiff's counsel, and Plaintiff's counsel has been informed that these records will be produced for inspection and copying at their location.

The Motion to Compel seems to be based on the misunderstanding that these records are in Florida. Since they are not except for 2003, the Defendants have fully complied with Production Request No. 9.

**Production Request No. 10**:

**10.**   Documents showing names, positions and dates of termination of all employees terminated from 1998 through the present.

**Supplemental Response:** Same as response to Production Request No. 9.

3

As described above, the Defendants provided over 300 pages of records, copied and shipped at the expense of the Defendants, showing the names, departments and dates of termination of all FlexiInternational employees.  As explained above, to the extent that the Plaintiff seeks any further information, which may or may not be included in personnel files, the Defendants have stated that these files would be produced for inspection and copying at their business location.

**Production Request No. 11:**

**11.**    Memos, email, correspondence and other document impeaching the credibility of the Plaintiff.

>    **Supplemental Response:**
>
>    Defendant's counsel has custody of a large number of printed copies of e-mails that related to Plaintiff's claims to be offended by conduct in the workplace. These copies are available for inspection and copying upon reasonable notice.

The Defendant's responses and Objections to the Plaintiff's Request for Production, dated January 13, 2004, objected to this request in part because it sought attorney's work product.  As phrased, the request seems to require the Defendants to first draw a legal conclusion as to whether a particular document impeaches the credibility of the Plaintiff, and then to produce that document.  Without waiving the

objection to performing such a legal analysis, the Defendants have in fact identified a large number of emails which seem to relate to the Plaintiff's claims to be offended by conduct with a sexual content in the workplace, and have notified the Plaintiff's counsel that these documents are available for inspection and copying at the offices of Defendant's counsel. The Motion to Compel does not state what defect the Plaintiff finds in this response, and the Defendants believe that they have fully complied with Production Request No. 11.

**Production Request No. 12**.

Memos, email and correspondence to or from the Plaintiff during her employment at the Defendant company.

**Supplemental Response:**

Defendant's counsel has in its custody voluminous copies of email correspondence related to the employment of the Plaintiff. These materials are available for inspection and copying upon reasonable notice.

As above, the Motion to Compel does not state why the Plaintiff feels that this response is deficient. Plaintiff's counsel has been told on numerous occasions that these materials are located in the offices of Defendant's counsel in Bridgeport, Connecticut, and are available for inspection and copying. The Defendants believe that they have fully complied with Production Request No. 12.

5

**Production Request No. 13**.

13.    Records showing the names and last known addresses of temporary or permanent contractors, vendors, and employees hired or contracted with from 1998 through the present.

        **Supplemental Response**:

        The Defendants have previously objected to the over broad scope of this request in that it seems to include any vendor to the company or any party to a contract with the company.  To the extent that it was intended to inquire about contract labor, the company has in the past contracted for marketing services and for program development services. Any records of contracting or payment for such services are now inactive, and are maintained in storage.  The burden of examining records in storage and  retrieving such records as may be pertinent to this request would be substantially the same for the Defendant as for the Plaintiff.  The Defendant will make access to its storage facility in Connecticut available to the Plaintiff upon reasonable notice.

As stated above, Defendants do not know if documents responsive to the request exist.  If they do, they are now maintained in the ordinary course of business in a storage facility in Connecticut.  Defendants have stated that they will make these

records available for inspection and copying.  As before, the Motion to Compel does not explain why the Plaintiff believes that this response does not comply with Rule 34, FRCP.  The Defendants believe that they are fully complied with Production Request No. 13.

## Production Request No. 14

**14.**     Records showing dates of employment of temporary or permanent contractors, vendors, and employees hired or contracted with from 1998 through the present.

### Supplemental Response:

See Response to No. 13.

As above, Defendants believe that they have fully complied with Production Request No. 14 by making such records as they may have available for inspection and copying where they are kept in the ordinary course of business.  It should be noted that a case cited by the Plaintiff in her Motion to Compel, <u>Dangler v. New York City Off Track Betting</u>, 2000 WL 1510090 (S.D. M.V. 2000) allows records kept in an disorganized manner in the usual course of business to be produced in that fashion.

## Production Request No. 15

**15.**     Records showing job titles of temporary or permanent contractors, vendors, and employees hired or contracted with from 1998 through the present.

**Supplemental Response**:

See Response to No. 13.

As explained above, the Defendants believe that they have fully responded to Production Request No. 15.

**Production Request No. 20**

20.    A list of clients and customers of the Defendant and the corresponding name and address of the employee of the Defendant who has been assigned to responsible or otherwise working on or with said customer or client from 1998 through the present.

**Supplemental Response**:

The only documents responsive to this request would be records of activity used for direct billings to clients. Records for the period 2003 and 2004 are located in the company offices in Florida. Records prior to 2003, if extant, are maintained in storage in either Florida or Connecticut. The burden of examining stored documents and retrieving documents pertinent to this request is substantially the same for the Defendant as for the Plaintiff. The Defendant will make access to storage facilities available upon reasonable notice.

Interrogatory No. 5 of the Plaintiff's First Set of Interrogatories and Request for

8

Production of Documents, dated October 3, 2002, had requested identification of all persons assuming part or all of the Plaintiff's tasks and responsibilities at the time of her termination.  The Defendant responded that Value Analyst Cheryl Brennan and Product Consultant Cliff Gideon, were assigned what little remained of what had been Plaintiff's duties.  In further response to the Plaintiff's First Set of Interrogatories, the Defendants produced documents showing clients for whom the Plaintiff worked in 2001, the year of her termination, Bates No. F000075 to F000080.   Plaintiff acknowledged in her deposition that at the time of her termination, her work was primarily with one FlexiInternational client, Norwest, formerly known as Wells Fargo (Plaintiff deposition of January 17, 2003, pages 24-25).

Defendants believe they have fully responded to Production Request No. 20, but offered the Plaintiff the opportunity to review stored business records, if any there be, which might indicate any other client for whom the Plaintiff worked.   The Motion to Compel discusses Production Request No. 20 in terms of "complaints" received from FlexiInternational clients, but Production Request No. 20 itself does not seek any information with respect to complaints.

It should also be noted that the Motion to Compel seems to cite Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 358 (1978) for the proposition that the Defendant is responsible for the expense of copying email documents which comply with discovery

9

requests.  The <u>Oppenheimer Fund</u> case actually stands for the opposite proposition, that the party desiring the copies is responsible for paying for them.  In fact, the Defendants have already absorbed the expense of printing out emails and making the printouts available to the Plaintiff for inspection and copying.  The Defendants believe that they have fully complied with Product Request No. 20.

In conclusion, the Defendants have responded to all of the production requests identified in the Motion to Compel, in some instances by voluntarily copying and transmitting to the Plaintiff hundreds of pages of documents.  The Defendants have gone further to identify the location of other records which may contain information sought by the Plaintiff, but it is the Plaintiff's duty to avail herself of the opportunity to inspect and copy such records.

**THE DEFENDANTS,**
**FlexiInternational Software, Inc. and**
**Jay Belsky**

By: _____
     Michael N. LaVelle (CT 06170)
     Pullman & Comley, LLC
     850 Main Street
     Bridgeport, CT  06604
     Telephone:  (203) 330-2112
     Facsimile:  (203) 330-2288

10

## **CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was sent via United States mail on May 20, 2004 to all counsel and pro se parties of record.

Michael J. Melly, Esq.
Bartinik, Gianacoplos, Bartinik,
Bartinik & Grater, P.C.
100 Fort Hill Road
Groton, CT  06340
(860) 445-8521
(860) 445-5873 facsimile

_____
Michael N. LaVelle

BPRT/69369.1/MNL/517526v1

11

# UNITED STATES DISTRICT COURT
## FOR THE
## DISTRICT OF CONNECTICUT

RITA ABSHER,

                PLAINTIFF,

    VS.

FLEXIINTERNATIONAL SOFTWARE,
INC. AND JAY BELSKY,

                DEFENDANTS.

CIVIL ACTION
NO. 3:02 CV 171 (AHN)

April 14 , 2004

## DEFENDANTS' SUPPLEMENTAL RESPONSE TO THE PLAINTIFF'S
## REQUEST FOR PRODUCTION DATED DECEMBER 12, 2003

Subject to and without waiver of the general and specific objections set forth in the Defendants' Responses and Objections to Request for Production dated January 13, 2004, the defendants make the following supplemental response.

    1.    Memos, emails, correspondence and documents regarding complaints, concerns, issues or problems to management or human resources about Jay Belsky's conduct.

**Response:**

Plaintiff has received documents concerning her own complaint, Bates No. F000072-73. There were no other documents of complaints about Mr. Belsky.

**2.**    Memos, emails, correspondence and documents regarding response from management or human resources about any incident or item of conduct of Jay Belsky.

**Response:**

Plaintiff has already received a copy of the memorandum concerning defendant's response to the Plaintiff complaint about Mr. Belsky, Bates No. F000141.

**3.**    Sales and production records of Jay Belsky for the period which he was employed at the defendant company, and comparisons of his sales and production with other employees during the same period of time.

**Response:**

Mr. Belsky was not responsible for sales, and there are no such records.

**4.**    Notes, memos or diaries written by any employee regarding the conduct of Jay Belsky.

**Response:**

There are no such documents other than the Plaintiff's complaint described in the response to Item 1.

**5.**    Notes, memos, correspondence and separation documents regarding the termination, resignation or separation of employment of Jay Belsky from the defendant company.

**Response:**

2

Such documents are contained in the personnel file of Mr. Belsky, produced in response to Production Request No. 8.

6.      Documents showing bonus', commissions and raises of employees of defendant company from 1998 through the present.

**Response:**

Copies of payroll records from 1998 to 2003 are enclosed.   Other documents concerning bonuses have previously been submitted in the Defendant's supplemental response to the Plaintiff's motion to compel responses dated April _____, 2004.

7.      Memos, records and documents regarding stock options offered to employees of the defendant from 1998 through the present, including any document showing the name of the employee, the number of shares offered, the price of the stock offered, and the date of receipt of the offer.

**Response:**

Plaintiff has previously received stock option information, Bates No. 000037-000040.   Schedules of stock options granted from 1997 to 2002 are attached.   A schedule of stock options exercised from 1998 to 2002 is attached.

8.      Employee file of Jay Belsky, and any other file or records pertaining to Jay Belsky.

**Response:**

3

A copy of Mr. Belsky's personnel file is enclosed.

**9.** All internal company documents regarding lay-off or reduction in force at defendant company from 1998 through the present showing all or a portion of the following: dates of reduction, names, addresses, and sex of those terminated or laid-off, including filings and submissions to the state or federal government or agencies thereof.

**Response:**

The payroll records produced in response to Production Request No. 6 show terminations of employees. Further information would be contained in inactive personnel records, which are maintained in storage in Florida, or for employees prior to 2003 in Connecticut. The burden of examining storage documents and retrieving documents pertinent to this request is substantially the same for the plaintiff as for the defendant. The defendant will make access to storage facilities available upon reasonable notice.

**10.** Documents showing names, positions and dates of termination of all employees terminated from 1998 through the present.

**Response:**

See response to No. 9

**11.** Memos, email, correspondence and other document impeaching the

4

credibility of the plaintiff.

**Response:**

Defendant's counsel has custody of a large number of printed copies of e-mails that relate to Plaintiff's claims to be offended by conduct in the workplace. These copies are available for inspection and copying upon reasonable notice.

**12.** Memos, email and correspondence to or from the plaintiff during her employment at the defendant company.

**Response:**

Defendant's counsel has in its custody voluminous copies of e-mail correspondence related to the employment of the Plaintiff. These materials are available for inspection and copying upon reasonable notice.

**13.** Records showing the names and last known addresses of temporary or permanent contractors, vendors, and employees hired or contracted with from 1998 through the present.

**Response:**

The Defendants have previously objected to the overbroad scope of this request in that it seems to include any vendor to the company or any party to a contract with the company. To the extent that it was intended to inquire about contract labor, the company has in the past contracted for marketing services and for program

5

development services. Any records of contracting or payment for such services are now inactive, and are maintained in storage. The burden of examining records in storage and retrieving such records as may be pertinent to this request would be substantially the same for the Defendant as for the Plaintiff. The Defendant will make access to its storage facility in Connecticut available to the Plaintiff upon reasonable notice.

**14.** Records showing dates of employment of temporary or permanent contractors, vendors, and employees hired or contracted with from 1998 through the present.

**Response:**

See response to No. 13.

**15.** Records showing job titles of temporary or permanent contractors, vendors, and employees hired or contracted with from 1998 through the present.

**Response:**

See response to No. 13.

**16.** Records showing name and address of employment agencies, recruiting agencies, vendors and contractors providing services to the defendant company from 1998 through the present.

**Response:**

6

No such records.

**17.**    Records showing names and last known addresses of persons assigned to the clients, customers and accounts that were handled by plaintiff while employed at the defendant company.

**Response:**

The name and address of Cheryl Brennan was previously disclosed in the Defendant's Rule 26(a)(1) initial disclosures.  The address of Clifford Gideon is: 18104 Royal Forest Drive, Tampa, FL 33647.

**18.**    Offer letters, memos and documents related to job offers from employers of Jay Belsky subsequent to his employment at the defendant company.

**Response:**

Pending receipt of information from Mr. Belsky.

**19.**    Memos, records and documents regarding stock options purchased, traded or sold by employees of the defendant from 1998 through the present, including any document showing the name of the employee, the number of shares, the price of the stock, and date of purchase, trade or sale.

**Response:**

Schedules of stock options granted and exercised have been produced in response to Request No. 7.  The Defendants have no information of any stock traded.

7

**20.**    A list of clients and customers of the defendant and the corresponding name and address of the employee of the defendant who has been assigned to, responsible or otherwise working on or with said customer or client from 1998 through the present.

**Response:**

The only documents responsive to this request would be records of activity used for direct billings to clients.  Records for the period 2003 and 2004 are located in the Company offices in Florida.  Records prior to 2003, if extant, are maintained in storage in either Florida or Connecticut.  The burden of examining stored documents and retrieving documents pertinent to this request is substantially the same for the Defendant as for the Plaintiff.  The Defendant will make access to storage facilities available upon reasonable notice.

**21.**    Memos, emails, correspondence and documents regarding complaints, concerns, issues or problems raised to management or human resources by Jay Belsky regarding the conduct of another employee.

**Response:**

No such documents.

**22.**    Medical records from medical providers in the last 10 years related to defendant, Belsky's eyes, ears, balance, neurological or other medical issue related to

8

depth perception.

**Response:**

Pending receipt of information from Mr. Belsky.

**23.**    Organization, incorporation, tax, accounting and advertising documents from the mail order business engaged in by Belsky.

**Response:**

Pending receipt of information from Mr. Belsky.

**24.**    Documents showing the names and addresses of all persons with knowledge of issues related to this case.

**Response:**

This information was previously furnished in the Defendant's Rule 26(f) report.

**25.**    Information and persons having information regarding the issues in this case as required by Fed. R. Civ. P. 26.

**Response:**

This information was previously furnished in the Defendant's Rule 26(f) report.

**26.**    Memos, emails or other documents regarding conversations of plaintiff with coworkers regarding visiting, moving or starting a business in Mexico.

**Response:**

This information was previously furnished in the Defendant's Rule 26(f) report.

27.    Pension plan(s) in place at the defendant company from 1998 through the present.

**Response:**

The Plaintiff has already received a copy of the 401(k) plan, Bates No. F000211 to F000237.

28.    Annual report, balance sheet and income statements for the defendant company from 1998 through the present.

**Response:**

Copies of annual reports are enclosed.

29.    Contract, agreement, joint venture or other document regarding an alliance, partnership or any relationship between defendant company and Microsoft, or affiliate, or subsidiary of Microsoft.

**Response:**

No such documents.

> THE DEFENDANTS,
> FlexiInternational Software, Inc. and
> Jay Belsky
>
> By: _____
> Michael N. LaVelle (CT 06170)
> Pullman & Comley, LLC
> 850 Main Street
> Bridgeport, CT 06604
> Telephone:  (203) 330-2112
> Facsimile:  (203) 330-2288

10

512368