UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

RITA ABSHER,                          :
                                      :
          Plaintiff,                  :
                                      :
v.                                    :   CIV. NO. 3:02cv171 (AHN)
                                      :
                                      :
FLEXIINTERNATIONAL SOFTWARE,          :
INC. AND JAY BELSKY                   :
                                      :
          Defendants.                 :

RULING and ORDER

The court heard oral argument on several pending discovery matters on July 1, 2004.

The parties indicated in their submissions that the issues raised by defendant's motion to compel [doc # 69] have been resolved.  Defendant's motion [**doc # 69**] is therefore **denied as moot.**

Plaintiff's motion to compel [doc # 68]

Plaintiff moves to compel [doc # 68] defendants to identify and provide copies of documents responsive to her request for production dated December 12, 2003.  Defendants assert that their supplemental responses, dated April 14, 2004, fully respond to the requests.  Defendants further assert that they have made additional documents available to plaintiff for inspection and copying at Flexi's warehouse in Fairfield, Connecticut.  After

1

reviewing the supplemental responses and hearing from counsel, the court **denies** plaintiff's motion [**doc # 68**] and orders the following.

Requests 9 and 10:

The court finds that the defendants have complied with the requests for production 9 and 10 as drafted.  At oral argument, plaintiff asserted that he seeks more detailed information concerning the reasons for layoffs and terminations.  The court notes that the plaintiff did not include this in the requests at issue here.  However, if there are any documents relating to the reasons for the plaintiff's termination that have not yet been provided to plaintiff, defendants must provide them for inspection and copying within 10 days of the docketing of this ruling.  The plaintiff may inspect and copy any documents concerning other employees that have been made available at the Fairfield storage location.

Requests 11 and 12:

The court finds that defendants have complied with request 11 by producing for inspection and copying the emails that they have already printed and collected concerning plaintiff's credibility.

Defendants have complied with request 12 by producing for

inspection and copying memos, emails and other correspondence relating to plaintiff's employment.

Requests 13, 14, 15, 20:

The court finds that the defendants have responded to these requests to the extent that they are relevant to the plaintiff's employment at Flexi. Plaintiff's counsel may inspect and copy the documents in storage should he wish to verify the truth of defendants' responses, or should he wish to view documents concerning Flexi's other employees, contract workers, clients, or customers.

Defendant's motion for order [doc # 71]

Defendant's motion for supplemental order for mental examination of plaintiff [**doc # 71**] is **granted**. The parties shall confer and report to the court, within 10 days of the docketing of this ruling, with a firm date on which the examination will take place.

At oral argument, plaintiff's counsel requested that the defendants bear the cost of plaintiff's travel from Mexico to undergo the mental examination. However, the court notes that the plaintiff chose to litigate this case in Connecticut. Plaintiff's counsel also indicated that the plaintiff intends to accomplish additional tasks related to the case while she is in

3

Connecticut for the exam.  Plaintiff's request is therefore
denied without prejudice to renewal until after the exam is
conducted.  At that time, plaintiff may submit to the court a
renewed request along with an accounting of the litigation-
related tasks, if any, plaintiff was able to accomplish during
the trip.

Plaintiff's motion to compel [doc # 58]

    Plaintiff's motion to compel [**doc # 58**] is also pending
before the court.  At oral argument on that motion, the parties
indicated that the only issue remaining concerned whether three
affidavits of Flexi employees prepared by Flexi's former counsel,
Attorney Alison Wice, are protected from discovery as work
product.  Defendants have since disclosed Cheryl Brennan's
affidavit.  The court has conducted an in camera review of the
remaining affidavits and a letter from Attorney Wice about their
preparation.  The court cannot find on the current record that
the affidavits reveal Attorney Wice's mental impressions,
conclusions, opinions, or legal theories.  Defendants' counsel
shall review the affidavits and shall submit, within 10 days of
the docketing of this ruling, an ex parte letter to the court
identifying any specific portions of the affidavits they believe
reveal Attorney Wice's thought processes, conclusions, opinions,
or legal theories, and how they do so.

4

Conclusion

For the reasons discussed above, defendant's motion [**doc # 69**] is **denied as moot**; plaintiff's motion [**doc # 68**] is **denied**; defendant's motion for supplemental order for mental examination of plaintiff [**doc # 71**] is **granted** to the extent that the parties are ordered to confer and report to the court a date for the examination.  The court reserves judgment on plaintiff's motion to compel [**doc # 58**].

This is not a recommended ruling.  This is a discovery ruling which is reviewable pursuant to the "clearly erroneous" statutory standard of review.  28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED at Bridgeport this 21st day of July 2004.

_____/s/_____
___  HOLLY B. FITZSIMMONS
     UNITED STATES MAGISTRATE JUDGE