UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA ABSHER,<br><br>            PLAINTIFF,<br><br>VS.<br><br>FLEXIINTERNATIONAL SOFTWARE,<br>INC. AND JAY BELSKY,<br><br>            DEFENDANTS. | CIVIL ACTION<br>NO. 3:02 CV 171 (AHN)<br><br><br><br><br>MARCH 15, 2005<br><br>, 2005 |

**DEFENDANTS' MEMORANDUM
IN SUPPORT OF MOTION FOR SANCTIONS**

    The Plaintiff, who seeks damages on various claims of wrongful discharge, was living in Connecticut when she was terminated from employment by FlexiInternational Software, Inc. in April, 2001. By 2002 she had relocated to live in Cozumel, Mexico, where she currently resides. Discovery has indicated that she devotes her time to running a business owned by her fiancé. In their Answer and Affirmative Defenses, dated June 2, 2003, the Defendants pleaded as a seventh affirmative defense that the Plaintiff had failed to mitigate her damages.

    As described in detail in the Defendants' previous Motions to Compel, dated May 20, 2004 and August 27, 2004, the Defendants have been attempting since the service

of their second set of interrogatories dated June 3, 2003 to obtain disclosure of the Plaintiff's work and earnings in Mexico, to establish mitigation of economic damages. Plaintiff's counsel made representations that a response would be made, but when none was forthcoming, the Defendants filed a Motion to Compel on August 27, 2004, copy attached (the earlier Motion to Compel had seemingly been resolved with the representations of compliance).

By order dated December 15, 2004 [Doc. #92], the Court granted the Motion to Compel. To this day, the Defendants have received no information relating to the pending discovery.

The Federal Rules of Civil Procedure clearly contemplate that there be consequences to a party's failure to respond to discovery and failure to comply with court orders concerning discovery. The Plaintiff wishes to claim economic damages, but has refused for a period of 19 months to respond to discovery with respect to mitigation of damages, even though mitigation of damages was raised as an affirmative defense, no objection to the discovery request was filed, representations were made in court before Magistrate Fitzsimmons on July 1, 2004 that a discovery response would be forthcoming, and the court has ordered the granting of the Defendants' Motion to Compel.

The burden of proof of mitigation of damages is on the defendant, but the most obvious way for a defendant to gather information concerning mitigation of damages is through the discovery process, which is what the Defendants in the action did. Depending upon what the Plaintiff disclosed, the Defendants may or may not have undertaken further investigation, and may have been guided in the further investigation by the Plaintiff's responses. Investigating a plaintiff's circumstances in Cozumel, Mexico is obviously more complicated than such an investigation in Connecticut. The Plaintiff's failure to respond to discovery over a period of 19 months has prejudiced the Defendants and stymied the orderly process of discovery contemplated by the Federal Rules.

The appropriate sanction for this conduct would be an order pursuant to Federal Rule of Civil Procedure 37(b)(1)(A) that the Defendants special defense of failure to mitigate damages be taken as established for the purposes of this action. Requiring the Defendants to prove their special defense would only reward the Plaintiff for her calculated refusal to respond to discovery, whereas the establishment of the special defense would preclude the Plaintiff from claiming economic damages and would deprive the Plaintiff of any gain from her conduct.

THE DEFENDANTS,

**FlexiInternational Software, Inc. and Jay Belsky**

By: _____
Michael N. LaVelle (CT 06170)
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06604
Telephone: (203) 330-2112
Facsimile: (203) 330-2288

**CERTIFICATION**

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was sent via United States mail on March 15, 2005 to all counsel and pro se parties of record.

Michael J. Melly, Esq.
Mullins & Michaud
682 Prospect Avenue
Hartford, CT  06105
(860) 231-7000
(860) 231-8400 facsimile

_____
Michael N. LaVelle

BPRT/69369.1/MNL/551452v1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA ABSHER,<br><br>                     PLAINTIFF,<br><br>VS.<br><br>FLEXIINTERNATIONAL SOFTWARE,<br>INC. AND JAY BELSKY,<br><br>                    DEFENDANTS. | CIVIL ACTION<br>NO. 3:02 CV 171 (AHN)<br><br><br><br><br><br><br><br>August 27, 2004 |

### DEFENDANT'S MOTION TO COMPEL DISCOVERY

The Defendant FlexiInternational Software, Inc. moves pursuant to Rule 37 of the Federal Rules of Civil Procedure for the Court to issue an order compelling responses to its Second Set of Interrogatories dated July 3, 2003 and its Third Set of Interrogatories dated April 13, 2004 with respect to the Plaintiff's work and earnings in Mexico. Further, in the absence of compliance, the Defendant seeks a sanction pursuant to Rule 37(c)(1) that the Plaintiff not be permitted to introduce evidence at trial of claims of economic damages based upon lost earnings.

The Defendant files a memorandum of law and certification in support of this motion to compel.

**THE DEFENDANTS,**
**FlexiInternational Software, Inc.**

By: _[signature]_
Michael N. LaVelle (CT 06170)
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06604
Telephone: (203) 330-2112
Facsimile: (203) 330-2288

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was sent via United States mail on August 27, 2004 to all counsel and pro se parties of record.

Michael J. Melly, Esq.
Bartinik, Gianacoplos, Bartinik,
Bartinik & Grater, P.C.
100 Fort Hill Road
Groton, CT  06340
(860) 445-8521
(860) 445-5873 facsimile

_____
Michael N. LaVelle

BPRT/69369.1/MNL/528831v1

3



UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| RITA ABSHER,<br><br>           PLAINTIFF,<br><br>VS.<br><br>FLEXIINTERNATIONAL SOFTWARE,<br>INC. AND JAY BELSKY,<br><br>           DEFENDANTS. | CIVIL ACTION<br>NO. 3:02 CV 171 (AHN)<br><br><br><br><br><br><br>August 27, 2004 |

### DEFENDANT'S MEMORANDUM
### IN SUPPORT OF MOTION TO COMPEL DISCOVERY

As described in detail in the Defendant's Motion to Compel dated May 20, 2004 [doc. #69], copy attached, the Defendant has been attempting since the service of its Second Set of Interrogatories dated July 3, 2003 to obtain disclosure of the Plaintiff's work and earnings in Mexico, to establish mitigation of economic damages. Counsel for the Defendant and counsel for the Plaintiff conferred on several occasions concerning this discovery request, and counsel for Plaintiff represented that a response would be made. Therefore, at oral argument before Magistrate Fitzsimmons on July 1, 2004 on pending discovery matters, the parties represented that the Plaintiff had agreed to

furnish information concerning her work and earnings, and so the Motion to Compel of May 20, 2004 [doc #69] was denied as moot.

The Defendant's Motion to Compel of May 20, 2004 described in detail the information available to the Defendant that the Plaintiff has been engaged in remunerative work in Mexico which would be directly relevant to mitigation of any claim of economic damages based upon loss of earnings. Further, in the Plaintiff's independent medical evaluation that took place on July 15, 2004, the Plaintiff offered further information as reported by Dr. Walter A. Borden:

> "Although it has been claimed she has been disabled by her emotional problems as a result, the findings indicate she has been working full time in Mexico under high demand situations. She begins work at 5:30 a.m., finishes at 8:00 p.m. She takes care of the details of running the business but also manages the couple's condominiums."

On August 12, 2004, counsel for the Defendant sent a letter to counsel for the Plaintiff, again requesting the promised information on the Plaintiff's scope of earnings and work in Mexico. A copy of this letter is attached.

To date, two months after representations were made on the record in Court, the Defendant has not received any information. The Defendant feels forced to conclude that its Motion to Compel of May 20, 2004 is not moot, and therefore the Defendant must again move for an order compelling a discovery response on the manifestly relevant matter of mitigation of damages.

2

## CERTIFICATION

The undersigned certifies that counsel for the Defendant has had numerous discussions and correspondence with counsel for Plaintiff, as described in this memorandum of law.

THE DEFENDANTS,
FlexiInternational Software, Inc. and
Jay Belsky

By: _____
Michael N. LaVelle (CT 06170)
Pullman & Comley, LLC
850 Main Street
Bridgeport, CT 06604
Telephone: (203) 330-2112
Facsimile: (203) 330-2288

3

## CERTIFICATION

Pursuant to Fed. R. Civ. P. Rule 5 (b), I hereby certify that a copy of the above was sent via United States mail on August 27, 2004 to all counsel and pro se parties of record.

Michael J. Melly, Esq.
Bartinik, Gianacoplos, Bartinik,
Bartinik & Grater, P.C.
100 Fort Hill Road
Groton, CT 06340
(860) 445-8521
(860) 445-5873 facsimile

_____
Michael N. LaVelle

BPRT/69369.1/MNL/528835v1