UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RITA ABSHER | : | CIVIL NO: 3:02 CV 171 (AHN) |
| | : | |
| V. | : | |
| | : | |
| FLEXIINTERNATIONAL SOFTWARE, | : | APRIL 29, 2005 |
| INC. AND JAY BELSKY | | |

**PLAINTIFF'S LOCAL RULE 56a(2) STATEMENT**

1. Admitted.

2. Admitted.

3. Plaintiff can neither admit nor deny.

4. Neither admitted nor denied.

5. Neither admitted nor denied. 5???

6. Admitted

7. Admitted

8. Admitted

9. Admitted

10. Admitted

11. Admitted

12. Admitted.

13. Neither admitted nor denied. 13

14. Neither admitted nor denied.

15. Neither admitted nor denied.

16. Admitted.

17. Admitted.

18. Neither admitted nor denied.

19. Denied.

20. Admitted that Ms. Absher completed timesheets for Norwest Financial. Denied that the timesheets showed minimal workload for the first quarter of 2001.

21. Admitted that Cheryl Brennan had a position similar to Ms. Absher. Denied that Cliff Gideon had a position similar to Ms. Absher.

22. Denied.

23. Denied

24. Admitted

25. Admitted.

26. Denied, except that that portion which reads "walked out of the conference" is admitted.

27. Admitted

28. Admitted

29. Admitted, except that the distance within which the orange was held to the chest is disputed.

30. Admitted

31. Admitted

32. Admitted that on April 2, 2001 plaintiff asked Belsky for a telephone number and that he obtained it from his computer. Also admitted that he motioned her and touched her pelvic area and apologized. However, it is disputed that the facts are limited to these as the manner in which plaintiff was touched is disputed. See, Ptf. Aff. Brf.

33. Admitted that portion which states that the plaintiff and Belsky were in Belsky's office. Denied and disputed that the facts occurred in the manner described in the remaining portion of the paragraph.

34. Admitted

35. Admitted that portion that states plaintiff pulled away and was shocked. Denied and disputed that her shock and pulling away was solely for touching the blazer and fasteners. See, ptf dp 160-61. Aff.

36. Admitted

37. Neither admitted nor denied.[1]

38. Admitted that portion stating, "on April 5, 2001 she and Mr. Belsky were walking together" and that she told Belsky to "stop holding things to her chest." and that Belsky stated he would never do it again. Denied the remaining portion of the statement as there are material facts omitted.

39. Admitted that portion stating, "On Friday April 6, 2001, Mr. Nolan met with Ms. Absher and had a discussion about her conduct and attitude." The remaining portion of paragraph 39 is denied.

40. Denied

41. Denied

42. Admitted that portion attributing her outburst in the conference to the stress she allegedly felt from Mr. Belsky's conduct. Denied that Absher wanted to speak again later to discuss the outburst.

43. Admitted

44. Denied

---

[1] Plaintiff is without personal knowledge to admit or deny

45. Denied

46. Admitted

47. Neither admitted nor denied.

48. Admitted that on April 10, 2001 Ms. Absher asked Mr. Nolan if she could skip participation in Flexi User Day and take some time off to recover from Mr. Belsky's conduct. The remaining portion of ¶ 48 is denied.

49. Admitted

50. The portion stating that Flexi made attempts to communicate with plaintiff during her absence is neither admitted nor denied. That portion stating 'but without success" is denied.

51. Admitted that the Flexi user day did not take place. Denied that there was a detriment to Flexi's relationship with clients.

52. Admitted

53. Denied

54. Neither admitted nor denied ???

55. Admitted

56. Denied and disputed. Although Kevin Nolan testified that these were reasons for termination, the reasons given are mere pretext.

57. Nether admitted nor denied.

58. Admitted

59. Denied and disputed. The reasons given for termination and any memo recording the alleged reasons are mere pretext.

60. Admitted

## Disputed Facts

1. It is disputed that plaintiff understood and accepted the terms of statements contained in the employment application. Although the statement "I certify that I have read, fully understand and accept all terms of the foregoing applicant statement," appears on the plaintiff's employment application, plaintiff disputes that she *fully* understood and accepted said statement. Def. R 56 st 9-10; Ptf. Aff. ¶ 4.

2. It is disputed that plaintiff was an 'at will' employee. Upon hire plaintiff neither assented to nor understood the meaning of 'at will' employee. Ptf. Aff. ¶ 4. It is disputed that plaintiff understood or agreed to the statement in a June 4, 1998 letter stating, " You understand that your employment with FlexiInternational Software is at will." Def. R 56 St. 11; See, Ptf. Aff. ¶ 4.

3. It is disputed that no supervisor or representative employee had authority to agree or contract on behalf of the company. See Ptf. Aff. ¶ 3. It is disputed that defendant had discretion whether or not to give the 15% bonus that was offered/promised by Walter Martin at plaintiff's hiring. Plaintiff contends that a 15% bonus was absolute. See Ptf. Aff. ¶ 3.

4. It is disputed that plaintiff is not due a 15% bonus because plaintiff had not worked at FlexiInternatoinal for one year. See Ptf. Aff. ¶ 3.

5. It is disputed that by 2001 Ms. Absher's work declined, and was limited primarily to her work as liason for the Flexi account with Norwest Financial, also known as Wells Fargo. See, Def Rule 56 (a)(1) st. ¶ 19. It is also disputed that there was not any

productive work to be done by Absher (Def R. 56 st. ¶ 41) or that the sales group was going to take over duties of the client services group (Def R. 56 st. ¶ 41). There was substantial work to be done for Norwest as well as new business and migrations. Ptf. Aff. ¶ 8-10.

6. It is disputed that Ms. Absher completed time sheets for her work with Wells Fargo which show minimal workload in the first quarter of 2001. see, def R. 56 st. ¶ 20. Ptf. Aff. ¶ 9.

7. It is disputed that in 2001 there were only two other employees in positions similar to Ms. Absher's, Cheryl Brennan and Cliff Gideon. Def R. 56 st. ¶ 21; see Ptf Aff. ¶ 26(a).

8. It is disputed that Ms. Absher had only a few remaining duties at the time of her termination. Def R. 56 st. ¶ 22; see Ptf. Aff. ¶ 8-11.

9. It is disputed that a further reduction in force was projected in Absher's department. Def R. 56 st. ¶ 23; Ptf. Aff. ¶ 26.

10. It is disputed that plaintiff reacted in a volatile and abusive way on April 5, 2001 during a conference call with Kevin Nolan. Def R. 56 st. ¶ 26; see Ex. 7 169-70; Ptf Aff. 23.

11. It is disputed that Nolan spoke to plaintiff on April 6, 2001 regarding her workload (Def R. 56 st.¶ 40); her future at Flexi. (Def R. 56 st. ¶ 39); or that plaintiff refusal to do sales, product consulting or product development (Def R. 56 st. ¶ 40); see Ex. 7 171; Aff. 17.

12. Defendant's version of the facts of the 'Second' incident are disputed (Def R. 56 st.¶ 28) in that defendant mischaracterizes the reason for plaintiff's discomfort. Belsky stated that the plaintiff was uncomfortable over the description of the plastic surgery in

connection with a mastectomy. Ex. 8. Belsky Tr. 19. This is disputed as plaintiff was uncomfortable over Belsky's touching her near the breast and on the chest. Ex. 7.(Ptf dp) 113-114; see Ptf version Ptf. Aff. ¶ 13.

13. Defendant's version of the facts of the 'Third' incident (Def R. 56 st. ¶ 29) are disputed Belsky stated that he held an orange 4-5 inches from plaintiff's chest while plaintiff stated that the orange was held to within one inch of her chest. Ex. 7 (Ptf. Tr.) 145; see Ptf. Aff. ¶ 14.

14. Defendant's version of the facts of the 'Fourth' incident (Def R. 56 st. ¶ 32) are disputed as defendant's version of the incident [¶ 32] also omits the nature of the touching [ie-that defendant petted/stroked the plaintiff's pelvic area]. Paragraph 32 is written in a misleading manner as it attempts to convey the touching as having occurred while defendant motioned plaintiff over. Ex. 7  Ptf. Aff. ¶ 15.

15. Defendant's version of the facts of the 'Fifth' incident (Def R. 56 st. ¶ 33) are disputed . Defendant's version omits that Belsky opened the jacket a second time to place chord/cable on the buttons. Further, defendant's statement omits that all the while he was right next to her chest and obviously looking at her breast, making her uncomfortable. Ex. 7 (Ptf. Dp) 160-163. Further adding to the dispute is Belsky's denial of any statements related to anybody's chest. See Ptf Aff. ¶ 16.

16. The facts [defendant's version]of the 'Sixth' incident (Def R. 56 st. ¶ 38) are disputed. The facts of this [Sixth] incident are further disputed as defendant's Rule 56(a)(1) ¶ 38 omits important facts relative to the incident. Defendant omits that the scissors was placed next to plaintiff's chest and the manner in which he placed the scissors [ie. that is while standing behind and to the left, reaching all the way around and

placing the scissors in front of her chest]. Ex. 7 (Ptf dp) 167-68; Ptf. Aff. 17.

17. The facts regarding Belsky's conduct, as told by each party, give rise to factual disputes.[2] Plaintiff clearly pronounced that she was touched on the arm[3] and chest[4], petted and stroked in the pelvic area.[5] Her space was invaded by Belsky. Ptf. Aff. ¶ 12; Ex. 7 (Ptf Dp) 274. She considered this physical touching to being accosted and fondled by Belsky. Ex. 7 (Ptf dp) 253-54. This conduct shocked her. Ex. 7 (Ptf dp.) 116 & 117. It was unwanted and made her uncomfortable. Ex. 7 (Ptf Dp.) 254, 118. Neither Defendant, Belsky's, testimony nor defendant's R. 56 statement of facts portray Belsky's conduct in this light. Defendants fail to acknowledge the sexual nature of the conduct and ignore and deny the type and amount of physical touching of plaintiff's body.

18. It is disputed that on April 9, 2001 Absher confirmed her participation in Flexi 'user day'. Def R. 56 st. ¶ 45; or that on April 10, 2001 plaintiff agreed that she would complete duties of Flexi user day (Def R. 56 st. ¶ 48); see Ptf Aff. ¶ 26 (b).

19. It is disputed that Flexi attempted to communicate with plaintiff while she was on approved leave without success. (Def R. 56 st. ¶ 50); see Ex. 7 Ptf dp) 93, 97, 100-01;

20. It is disputed that the cancellation of the Flexi user day hurt the relationship with customers. (Def R. 56 st. ¶ 51).

21. It is disputed that plaintiff was expected to return from her leave on April 24, 2001. (Def R. 56 st. ¶ 53).

22. The defendant, Belsky's, intent behind his conduct is disputed as plaintiff disputes

---

[2] See discussion regarding disputed facts, supra at § III B (1).
[3] Ex. 7 (Ptf dp) 259, 126-30.
[4] Pltf Aff. 13, 14 & 17.
[5] Ptf Aff. ¶ 15.

that the conduct was merely casual, acceptable by all with inadvertent touching. Plaintiff believes that Belsky's conduct as described [see Ptf Aff] was for pure self gratification and sexual gratification, at her expense, humiliation, discomfort, embarrassment, shock, fear and annoyance. (See Ptf Aff. ¶12-18 describing the conduct and plaintiff's reactions); (see Ptf Aff ¶ 19 describing plaintiff's perception of Belsky's intent).

PLAINTIFF
RITA ABSHER

By _____
Michael J. Melly, Esq.
Fed. Bar No 17841
682 Prospect Avenue
Hartford, CT 06105
Tel. (860) 231-7000
Fax: (860) 231-8400
mjmelly@aol.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed on  4/20/05   to:

Timothy Ronan
Michael Lavelle
Pullman Comley LLP
858 Main Street
Bridgeport, CT 06604

_____
Michael J. Melly