MANDATE

*Conn/New Haven*
*02-cv-171*
*Hon. Fitzsimmons*
*Hon. Nevas*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5th day of October, two thousand and six.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER, JR.
             REENA RAGGI,
                  <u>Circuit Judges</u>,



---

RITA ABSHER,

                            Plaintiff-Appellant,


          -v-                                    (05-6694)


FLEXI INTERNATIONAL SOFTWARE, INC.,[*] and JAY BELSKY,

                            <u>Defendants-Appellees</u>,

FRANK GRYWALSKI, KEVIN NOLAN, and STEFAN BOOTHE,

                            <u>Defendants</u>.

---

Appearing for Appellant:  Michael J. Melly, New London, CT.

Appearing for Appellees:  Michael N. LaVelle, Bridgeport, CT.

Appeal from the United States District Court for the District of Connecticut (Nevas, <u>J.</u>).

---

[*] The Clerk is directed to correct the caption to reflect the proper spelling of Flexi International.

Issued as Mandate:  **NOV 2 9 2006**

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Rita Absher appeals the dismissal, on a summary judgment motion, of her employment discrimination complaint against her former employer, Flexi International Software, Inc. ("Flexi"), and a co-employee, Jay Belsky, who allegedly created a gender-based hostile environment in which she was forced to work. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues. We hold as follows.

The district court, after granting Absher seven extensions to file her response to defendants' summary judgment motion and warning that no further extensions would be granted, did not abuse its discretion, see Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers, 415 F.3d 279, 283-84 (2d Cir. 2005), by denying her eighth and ninth motions for an extension, in which Absher did not adequately explain why she was not able to meet the prior deadlines.

Assuming, without holding, that there was competent evidence in the record from which a reasonable trier of fact could find that Belsky created a hostile environment in Absher's workplace, a reasonable trier of fact could not impute the hostile environment to Flexi because, Belsky was not Absher's supervisor or in her direct line of supervision, see Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 765 (1998), and there is no competent evidence that Flexi knew of the harassment and did nothing to stop it or provided no reasonable avenue for complaint, see Richardson v. N.Y. State Dep't of Corr. Servs., 180 F.3d 426, 441 (2d Cir. 1999).

Assuming, without holding, that plaintiff met her prima facie burden for establishing retaliation, she failed to establish that plaintiff's proffered justification—a drastic slowdown in business and the steady diminishment in work assigned to Absher by her principal client—was pretextual or to offer evidence of a retaliatory motive. See Reed v. A.W. Lawrence & Co., 95 F.3d 1170,1181 (2d Cir. 1996).

The district court correctly dismissed Absher's implied contract claim. To the extent that this claim is based on the terms of the letter that Absher signed to indicate her acceptance of employment, it is contradicted by the terms of that letter. To the extent that the claim is based on alleged oral representations by a Flexi executive, the alleged promises are insufficiently definite. See Glazer v. Dress Barn, Inc., 873 A.2d 929, 942 (Conn. 2005).

We have considered any remaining arguments and found that they lack merit. We therefore affirm the judgment of the district court.

FOR THE COURT:
ROSEANN B. MACKECHNIE, Clerk
By:

A TRUE COPY
Thomas Asreen, Acting Clerk

by

Deputy Clerk

2